UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| **Scott Pellegrino**, on behalf of himself and all others similarly situated; and **Christine VanOstrand**, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **New York State United Teachers**; **United Teachers of Northport**, as representative of the class of all chapters and affiliates of New York State United Teachers; **Northport-East Northport Union Free School District**, as representative of the class of all school districts in the state of New York; **Andrew Cuomo**, in his official capacity as governor of New York; **Barbara Underwood**, in her official capacity as Attorney General of New York; **John Wirenius**, in his official capacity as chair of the New York Public Employment Relations Board; **Robert Hite**, in his official capacity as member of the New York Public Employment Relations Board, <br><br> Defendants. | Case No. _____ <br><br><br><br><br><br><br><br> **Plaintiffs' Class-Action Complaint** |

Scott Pellegrino and Christine VanOstrand are public-school teachers who bring this class action on behalf of themselves and all others similarly situated, seeking redress for the defendants' past and ongoing violations of their constitutionally protected rights. The defendants have violated the class members' constitutional rights

by forcing non-union members to pay compulsory "agency fees" to the New York State United Teachers (NYSUT) or its affiliates as a condition of their employment.

Mr. Pellegrino and Ms. VanOstrand sue on behalf two separate classes. The first class consists of "agency-fee payers." These are employees who refuse to join the NYSUT or its affiliates but are compelled to pay "fair-share fees" to the union as a condition of their employment. *See* N.Y. Civ. Serv. L. § 208(3)(b) (attached as Exhibit 1). Ms. VanOstrand is an "agency-fee payer" who refuses to join the NYSUT or its affiliates but is nonetheless compelled to remit money to the union. Ms. VanOstrand sues as class representative for all current and former agency-fee payers to the NYSUT or its affiliates.

The second class consists of union members who would have quit the NYSUT had they not been compelled to work in an unconstitutional agency shop. Mr. Pellegrino, for example, has chosen to remain a member of the union, even though he opposes the NYSUT's collective-bargaining activities and its political and ideological advocacy, because resigning his membership would save very little money and would not be worth the cost of losing his vote and whatever little influence he might have in collective-bargaining matters. Mr. Pellegrino seeks classwide relief on behalf of all NYSUT members who retained their membership only because they would have been forced to pay "agency fees" had they quit, and he seeks compensatory damages for each class member in an amount equal to the "agency fees" that they were forced to pay regardless of whether they retained or resigned their union membership.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

3. Because the claims related to Mr. Pellegrino arose in Suffolk County and Mr. Pellegrino resides in Suffolk County, assignment to the Central Islip Division is proper.

## PARTIES

4. Plaintiff Scott Pellegrino resides in Suffolk County, New York.

5. Plaintiff Christine VanOstrand resides in Tioga County, New York.

6. Defendant New York State United Teachers (NYSUT) is a labor union whose headquarters are located at 800 Troy-Schenectady Road, Latham, New York 12110.

7. Defendant United Teachers of Northport is a local union chapter affiliated with the NYSUT. It is sued as representative of the class of all chapters and affiliates of the NYSUT.

8. Defendant Northport-East Northport Union Free School District is a school district in Suffolk County, New York. Its offices are located at 158 Laurel Avenue, Northport, New York 11768. It is sued as representative of the class of all school districts in the state of New York.

9. Defendant Andrew Cuomo is the governor of New York. His office is in Albany, New York. Governor Cuomo is the representative of the State and he is sued in his official capacity.

10. Defendant Barbara Underwood is the Attorney General of New York. Her offices are in Albany, New York, and New York, New York. She is charged with enforcing the state's laws, including Article 14 of the New York State Civil Service Law (also known as the Taylor Law), and she is sued in her official capacity.

11. Defendant John Wirenius is chair of the New York Public Employment Relations Board, and defendant Robert Hite is a member of the New York Public Em-

ployment Relations Board. They are charged with enforcing the State's public-employee collective-bargaining laws, including the Taylor Law, and they are sued in their official capacities.

## STATEMENT OF THE CLAIM

12. Mr. Pellegrino is a public-school teacher in the Northport-East Northport Union Free School District, and he is a member of the NYSUT.

13. Mr. Pellegrino opposes the NYSUT's political advocacy and collective-bargaining activities. Nevertheless, he has chosen to remain in the union because he would have been forced to continue paying "agency fees" had he resigned, and the difference in money between the full membership dues and the "agency fees" would not have been worth the loss of his vote and whatever little influence he might be able to exert in collective-bargaining matters.

14. The collective-bargaining agreement negotiated between the Northport-East Northport Union Free School District and the United Teachers of Northport requires the school district to deduct "agency fees" from the paychecks of nonunion members "in an amount equal to the regular and usual monthly dues." *See* Exhibit 2, at page 3.

15. The collective-bargaining agreement also promises that the union will "indemnify and save the District harmless from any and all costs arising out of litigation in any form concerning the application of the provisions of this Article." *See* Exhibit 2, at page 4.

16. The compelled subsidy that Mr. Pellegrino and his fellow school employees must pay to the NYSUT as a condition of their employment violates their constitutional rights—regardless of whether they have chosen to remain in the union (as Mr. Pellegrino has) or resign their membership (as the agency-fee payers have).

17. Ms. VanOstrand is a public-school teacher in the Union-Endicott Central School District. Ms. VanOstrand refuses to join the NYSUT or its affiliates because she disapproves of their political advocacy and collective-bargaining activities.

18. Even though Ms. VanOstrand is not a member of the NYSUT or its affiliates, she is compelled to pay "agency fees" to the NYSUT as a condition of her employment.

19. Ms. VanOstrand does not wish to pay these "agency fees" because she disapproves of the NYSUT's activities and does not wish to subsidize them in any way. The compelled subsidy that Ms. VanOstrand and her fellow agency-fee payers must remit to the NYSUT as a condition of their employment violates their constitutional rights.

20. Although the Taylor Law allows agency-fee payers to demand a refund of money that "represents the employee's pro rata share of expenditures by the [union] in aid of activities or causes of a political or ideological nature," N.Y. Civ. Serv. L. § 208(3)(b), this does not alleviate the defendants' constitutional violations. A public-employee union's collective-bargaining activities are no less political than its lobbying and electioneering activities, as all of these actions are directed at the government and seek to influence government policy. *See Harris v. Quinn*, 134 S. Ct. 2618, 2632–33 (2014). In addition, money is fungible, so when the representative plaintiffs and their fellow class members are forced to subsidize the NYSUT's collective-bargaining activities, they are freeing up resources for the NYSUT to spend on political and ideological activities. Finally, Mr. Pellegrino and Ms. VanOstrand do not wish to subsidize *any* of the NYSUT's activities, and their compelled support of the NYSUT's collective-bargaining activities is no less an affront than their compelled support of the NYSUT's political and ideological advocacy.

21. The law of New York authorizes the NYSUT to extract money from non-union members as a condition of their employment. *See, e.g.,* N.Y. Civ. Serv. L.

§ 208(3)(b) (attached to the complaint as Exhibit 1). These state laws are unconstitutional to the extent that they allow public-employee unions to extract "agency fees" from nonmembers—or any type of money from any public employee—as a condition of employment and without first securing the employee's affirmative, written, and freely given consent.

22. The NYSUT is acting under color of state law by imposing and collecting these "agency fees" from Ms. VanOstrand and her fellow class members, and by threatening to impose "agency fees" on Mr. Pellegrino if he decides to quit the union. *See* N.Y. Civ. Serv. L. § 208(3)(b).

23. The NYSUT has committed the tort of conversion by appropriating money from agency-fee payers without first securing their affirmative, written, and freely given consent. The NYSUT cannot defend its tortious conduct by relying on N.Y. Civ. Serv. L. § 208(3)(b), because the statute is unconstitutional to the extent it purports to shield a public-employee union's compelled extraction of money from agency-fee payers. Unconstitutional statutes cannot confer immunity on tortious conduct.

24. At least two of the recent amendments to the Taylor Law violate the Constitution by attempting to dissuade and thwart Mr. Pellegrino and Ms. VanOstrand from exercising their constitutional right to withhold financial support from the NYSUT.

25. N.Y. Civ. Serv. L. § 208(4)(a) violates the Constitution by requiring public employers to turn over an employee's home address to the union whenever an employee is hired, reemployed, or promoted or transferred to a new bargaining unit—regardless of whether the employee consents and even if the employee opposes this disclosure of his personal information. This provision unconstitutionally chills the exercise of First Amendment freedoms by giving public-employee unions the home addresses of employees who may not wish to join or financially support the union, and

it imposes no restrictions on what the unions may do with this personal information that they obtain. Labor unions have a long history of bullying and intimidating anti-union employees, and the courts do not and cannot tolerate compelled-disclosure laws that chill the exercise of First Amendment freedoms. *See NAACP v. Alabama*, 357 U.S. 449 (1958).

26. N.Y. Civ. Serv. L. § 208(1)(b)(1) violates the Constitution by limiting a public employee's ability to revoke his consent to the deduction of union dues from his paycheck. The statute requires an employee who wishes to revoke his union membership to do so "in writing in accordance with the terms of the signed authorization" that triggered the automatic deduction of his union dues. But this empowers unions to create "terms" in their authorization forms that limit an employee's ability to revoke his financial support of the union at a later date. Under 208(1)(b)(1), for example, a union might induce its members to sign an "authorization" form that allows them to resign their membership and revoke their dues payments only during a 10-day "open-enrollment" period that occurs once per year. But a public employee has a constitutional right to revoke his membership and financial support of a public-employee union at any time, and it cannot be limited by the terms that appear in an authorization form.

## CLASS ALLEGATIONS—AGENCY-FEE PAYERS

27. Ms. VanOstrand brings this class action under Fed. R. Civ. P. 23(b)(1)(A), (b)(1)(B), and (b)(3). The class includes all individuals who: (1) are or were employed by the State of New York or any of its subunits, including any school district in the State; (2) are or were nonmembers of the NYSUT who were compelled by the NYUST or its affiliates to pay "agency fees" or "fair-share fees"—regardless of whether those fees were remitted to the union, its affiliates, or a third-party organi-

zation. The class includes everyone who has ever fallen within this definition, including former or retired teachers or teachers who have moved to other States, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

28. The number of persons in the class makes joinder of the individual class members impractical.

29. There are questions of fact and law common to all class members. Factually, all class members are public employees and union nonmembers who have been forced to pay "fair-share fees" to the NYSUT as a condition of their employment. Legally, the U.S. Constitution and New York tort law afford the same rights to every member of the class.

30. Ms. VanOstrand's claims are typical of other class members, as each class member has objected to NYSUT membership yet was subject to "agency fees" despite their refusal to join the union.

31. Ms. VanOstrand adequately represents the interests of their fellow class members, and she has no interests antagonistic to the class.

32. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

33. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of compulsory "agency fees" will, as a practical matter, be dispositive of the interests of all class members.

34. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among

other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## CLASS ALLEGATIONS—UNION MEMBERS

35. Mr. Pellegrino seeks to represent a separate class of union members who would have quit the union but chose to remain because they would have been compelled to pay "agency fees" had they resigned. This class includes all individuals who: (1) are or previously were employed by the State of New York or any of its subunits, including any school district in the State; (2) are or were members of the NYSUT who would have quit the union had they not been forced to work in an unconstitutional agency shop. The class includes everyone who has ever fallen within this definition, including former or retired teachers or teachers who have moved to other States, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

36. The number of persons in the class makes joinder of the individual class members impractical.

37. There are questions of fact and law common to all class members. Factually, all class members are reluctant NYSUT nonmembers who remained in the union only because they would have been forced to pay "agency fees" had they resigned. Legally, the U.S. Constitution and New York tort law afford the same rights and remedies to every member of the class.

38. Mr. Pellegrino's claims are typical of other class members, as each class member opposes the NYSUT yet has chosen to remain in the union on account of the unconstitutional agency-shop arrangement.

39. Mr. Pellegrino adequately represents the interests of his fellow class members, and he has no interests antagonistic to the class.

40. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

41. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of compulsory "agency fees" and the appropriate remedy for reluctant union members such as Mr. Pellegrino will, as a practical matter, be dispositive of the interests of all class members.

42. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## CAUSES OF ACTION

43. Mr. Pellegrino and Ms. VanOstrand are suing the NYSUT and its local affiliates, the school districts, Governor Cuomo, Attorney General Underwood, and the members of the Public Employment Relations Board under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that they are requesting.

44. Mr. Pellegrino and Ms. VanOstrand are also suing the NYSUT under the state-law tort of conversion, and they invoke the supplemental jurisdiction of this court over that state-law claim. *See* 28 U.S.C. § 1367.

## DEMAND FOR RELIEF

45. Mr. Pellegrino and Ms. VanOstrand respectfully request that the court:

a. certify a class of all nonunion members who have been forced to pay "agency fees" to the NYSUT or its affiliates as a condition of their employment;

b. certify a separate class of the NYSUT members who would have resigned their membership had they not been subject to "agency fees" after quitting;

c. declare that Mr. Pellegrino, Ms. VanOstrand, and their fellow class members have a constitutional right to decline to join or financially support a public-employee union, and that they cannot be forced to pay money to a public-employee union as a condition of their employment;

d. declare that state tort law protects the right of Mr. Pellegrino, Ms. VanOstrand, and their fellow class members not to have their wages garnished or redirected by the NYSUT without their affirmative, written, and freely given consent, and that any federal or state law or collective-bargaining agreement that purports to override these protections of state tort law by allowing the NYSUT to help itself to the wages and paychecks of school employees—or that compels school employees to consent the garnishment of their wages by the NYSUT as a condition of their employment—is unconstitutional and without legal effect;

e. declare N.Y. Civ. Serv. L. § 208(3)(a)–(b) unconstitutional because it allows public-employee unions to extract "agency fees" from nonmembers as a condition of their employment, and permanently enjoin Governor Cuomo, Attorney General Underwood, the members of the Public Employment Relations Board, the school districts, and all of their officers, agents, servants, employees, attorneys, and any other

person or entity in active concert or participation with them, from enforcing N.Y. Civ. Serv. L. § 208(3)(a)–(b), or any other provision of state law that authorizes or enforces public-employee union shops;

f. declare that all collective-bargaining agreements that compel the representative plaintiffs and their fellow class members to pay "agency fees" to the NYSUT or its affiliates as a condition of their employment violate the constitutional rights of Mr. Pellegrino, Ms. VanOstrand, and their fellow class members;

g. order the NYSUT and its affiliates to repay all "agency fees" that they unconstitutionally extracted from Ms. VanOstrand and her fellow agency-fee class members;

h. order the NYSUT and its affiliates to pay compensatory damages to every union member in the class represented by Mr. Pellegrino in an amount equal to the "agency fees" that they were forced to pay regardless of whether they retained or resigned their union membership;

i. permanently enjoin the NYSUT and its affiliates, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with it, from taking or redirecting any type of money from Mr. Pellegrino, Ms. VanOstrand, their fellow class members, or any other public employee as a condition of their employment and without first obtaining the employee's affirmative, written, and freely given consent;

j. permanently enjoin the Northport-East Northport Union Free School District, along with every school district in the State, from deducting "agency fees" from the paychecks of non-union members;

k. permanently enjoin the Northport-East Northport Union Free School District, along with every school district in the State, from entering into any collective-bargaining agreement that allows a public-employee union to collect or redirect any type of money from a non-union member;

l. permanently enjoin the Northport-East Northport Union Free School District, along with every school district in the State, from entering into any collective-bargaining agreement that allows a public-employee union to collect or redirect any type of money from any school employee without first securing the employee's affirmative, written, and freely given consent;

m. permanently enjoin all of the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing any provision of federal or New York law, or any provision of a collective-bargaining agreement, that requires any payment of money as a consequence for exercising one's constitutional right not to join or financially support a public-employee union;

n. declare that N.Y. Civ. Serv. L. § 208(4)(a) violates the Constitution by requiring public employers to turn over their employees' home addresses to a union without the employee's consent, and permanently enjoin Governor Cuomo, Attorney General Underwood, the members of the Public Employment Relations Board, and all of their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing N.Y. Civ. Serv. L. § 208(4)(a);

o. permanently enjoin the Northport-East Northport Union Free School District, along with every school district in the State, from disclosing the home addresses or other personal information of its employees to the NYSUT or any other public-employee union without first securing the employee's affirmative, written, and freely given consent, and permanently enjoin the Northport-East Northport Union Free School District, along with every school district in the State, from requiring an employee to consent to the disclosure of their home address to the NYSUT or any other public-employee union as a condition of their employment;

p. permanently enjoin the NYSUT and its affiliates and chapters, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from seeking or obtaining the home address or other personal information of any employee who has chosen not to join or financially support the union, or any employee who has declined to give his employer permission to disclose his personal information to the NYSUT;

q. declare that N.Y. Civ. Serv. L. § 208(1)(b)(1) violates the Constitution by limiting a public employee's ability to revoke his consent to the deduction of union dues from his paycheck, and permanently enjoin all of the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing anything in section 208(1)(b)(1) or in a signed authorization form that purports to limit a public employee's ability to revoke his union membership or financial support of the union at any time during the calendar year;

r. order the NYSUT, its affiliates and chapters, the Northport-East Northport Union Free School District, and every school district in the State to immediately honor and enforce a public employee's decision to withdraw his membership or financial support of a public-employee union, regardless of the time of year that the decision is made;

s. award costs and attorneys' fees under 42 U.S.C. § 1988;

t. grant all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

/s/ Paul Niehaus

| | |
|---|---|
| JONATHAN F. MITCHELL* <br> Mitchell Law PLLC <br> 106 East Sixth Street <br> Suite 900 <br> Austin, Texas 78701 <br> (512) 686-3940 <br> jonathan@mitchell.law <br><br> * *pro hac vice* application forthcoming <br><br> Dated: June 12, 2018 | PAUL NIEHAUS <br> Kirsch & Niehaus <br> 150 East 58th Street <br> 22nd Floor <br> New York, New York 10155 <br> (212) 631-0223 <br> paul.niehaus@kirschniehaus.com <br><br><br><br> *Counsel for Plaintiffs and the Proposed Class* |