# MITCHELL LAW

Jonathan F. Mitchell
Mitchell Law PLLC
106 East Sixth Street, Suite 900
Austin, Texas 78701
(512) 686-3940 tel
(512) 686-3941 fax
jonathan@mitchell.law

August 27, 2018

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   Pellegrino v. New York State United Teachers, No. 2:18-cv-03439

Dear Judge Azrack:

The state defendants, like the other defendants, insist that the claims for declaratory and injunctive relief have become moot because the State is no longer enforcing the laws or collective-bargaining agreements that establish agency shops in the public sector. But they have not met their "heavy burden" of establishing mootness. *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 ("The burden of demonstrating mootness is a heavy one." (citation and internal quotation marks omitted)).

As we noted in our previous letters to the Court, the defendants in this case are indistinguishable from the state officials who were litigating the constitutionality of their state's marriage laws when *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), was decided—yet the courts held that the constitutional challenges to those marriage laws remained live and proceeded to enter declaratory and injunctive relief. *See Rosenbrahn v. Daugaard*, 799 F.3d 918, 922 (8th Cir. 2015); *Waters v. Ricketts*, 798 F.3d 682, 686 (8th Cir. 2015); *Jernigan v. Crane*, 796 F.3d 976, 979 (8th Cir. 2015); *Waters v. Ricketts*, 159 F. Supp. 3d 992, 999–1000 (D. Neb. 2016); *Strawser v. Strange*, 190 F. Supp. 3d 1078, 1081 (S.D. Ala. 2016).

And a decision to cease enforcing a state law in response to a Supreme Court ruling such as *Janus* or *Obergefell* does not make "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). So long as the statutes and collective-bargaining agreements remain on the books—and their enforcement has not been enjoined—the state defendants retain the legal prerogative to enforce them at any time they wish. The *only* reason that the defendants have stopped enforcing these statutes and agreements is because they fear that they will lose in court—and that is exactly why voluntary cessation is insufficient to moot a case. *See Knox v. Service Employees Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) ("The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a

resumption of the challenged conduct as soon as the case is dismissed."). No one from the State of whom we are aware has acknowledged that the challenged statutes are unconstitutional. And no one from the State has taken the steps needed to permanently inter the statutes and provide assurances that is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

There is no Eleventh Amendment barrier because the plaintiffs are seeking prospective relief from state officials—which is entirely permissible under *Ex parte Young*, 209 U.S. 123 (1908). The defendants do not claim to have "no duty at all with regard to the [challenged statutory provisions]," which (if true) would take this case outside the *Ex parte Young* exception to sovereign immunity. *Id.* at 158. Instead, the defendants complain that the pleadings lack sufficient factual detail under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But a complaint does not need to plead around anticipated defenses, *see Gomez v. Toledo*, 446 U.S. 635, 641 (1980), and nothing in *Twombly* or *Iqbal* purports to usher in a new regime of fact pleading that extends not only to the plaintiff's prima facie case but also to any conceivable defense that a defendant might raise. *See Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 537 (2002) (describing "Eleventh Amendment immunity" as an "affirmative defense"); *Lapides v. Bd. of Regents of the University System of Georgia*, 535 U.S. 613, 619 (2002) ("A State remains free to waive its Eleventh Amendment immunity from suit in a federal court.").

The State's objection to the plaintiffs' standing to challenge the constitutionality of section 208(3)(a) appears to be well taken, if the State is correct to assert that neither Pellegrino nor Van Ostrand is properly characterized as a "State employee" within the meaning of the statute. Pellegrino has standing to section 208(1)(b)(i) because he intended to quit the union post-*Janus* when the complaint was filed—and he has recently resigned his union membership. Mr. Pellegrino has standing to challenge any law that seeks to impede the exit process from the union, and he will continue to have standing until he is assured that his demands to cancel his membership and halt union-related payroll deductions are being honored. Mr. Pellegrino has not yet received a paycheck since *Janus*, so section 208(1)(b)(i) remains a threat to his wages—and it is a threat to the other former or soon-to-be former union members in the class that he represents. Finally, both Pellegrino and Van Ostrand have standing to challenge section 208(4)(a) because it prevents them from ever accepting a promotion or transfer or a job in a new bargaining unit unless they are also willing to disclose their home address a union that they oppose. This inflicts present-day injury by impeding their future job prospects.

The union's objections to the merits of Pellegrino's claims are groundless. Pellegrino's decision to join the union before *Janus* was made under unconstitutional compulsion, *see Janus*, 138 S. Ct. 2448, and does not qualify as "voluntary" or "clear and affirmative consent." Any conditions imposed in the union membership that he signed cannot be enforced against Pellegrino if he wants to quit the union, because the decision to sign that contract was made while working in an unconstitutional agency shop that threatened unconstitutional penalties on those who declined to join the union. This not a contract that

was freely entered into by parties who bargained at arms length. It was a condition imposed by a monopolist who unconstitutionally induced Mr. Pellegrino to sign.

                                                      Sincerely,

                                                      */s/ Jonathan F. Mitchell*

cc: All counsel (via ECF)                     Jonathan F. Mitchell *
                                                          Mitchell Law PLLC
                                                          *pro hac vice* application forthcoming