# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
### CENTRAL ISLIP DIVISION

| | |
|---|---|
| **Scott Pellegrino**, et al., | Case No. 2:18-cv-03439-JMA-GRB |
| Plaintiffs, | |
| v. | **Plaintiffs' Response to the State Defendants' Motion to Dismiss** |
| **New York State United Teachers**, et al., | |
| Defendants. | |

Paul Niehaus
Kirsch & Niehaus
150 East 58th Street
22nd Floor
New York, New York 10155
(212) 631-0223
paul.niehaus@kirschniehaus.com

Jonathan F. Mitchell*
Mitchell Law PLLC
106 East Sixth Street
Suite 900
Austin, Texas 78701
(512) 686-3940
jonathan@mitchell.law

\* admitted *pro hac vice*

*Counsel for Plaintiffs and
the Proposed Classes*

The plaintiffs agree that the State defendants should be dismissed from the case. Although the plaintiffs continue to have constitutional concerns with the provisions of New York law that they challenged in their complaint, there does not appear to be a plausible path to Article III standing given the State's prompt implementation of *Janus* and Mr. Pellegrino's resignation from union membership. We respectfully ask the Court to dismiss the claims against the state defendants for lack of subject-matter jurisdiction.

The plaintiffs do not have standing to challenge the constitutionality of N.Y. Civ. Serv. L. § 208(3)(a) because they do not appear to qualify as "State employees" within the meaning of the statute. But even if they were state employees, their pre-*Janus* constitutional challenge to this statute has likely been mooted by the State's immediate compliance with the Supreme Court's ruling in *Janus. See* Union Defs.' Mot. to Dismiss at 10. The plaintiffs therefore wish to withdraw their constituitonal challenge to section 208(3)(a), and respectfully ask the Court to dismiss this claim for lack of subject-matter jurisdiction.

The constitutional challenge to N.Y. Civ. Serv. L. § 208(1)(b)(i) became moot when Mr. Pellegrino resigned from the union and his resignation was accepted without resistance. Although Mr. Pellegrino had standing to challenge section 208(1)(b)(i) at the time he filed the lawsuit, there is no longer an Article III case or controversy because there is no prospect that this statutory provision could be enforced against Mr. Pellegrino as a former union member. The Court should dismiss this constitutional challenge for lack of subject-matter jurisdiction.

The constitutional challenge to section 208(4)(a) also cannot go forward at this time. The union defendants have introduced declarations stating that they already have the home addresses of the plaintiffs on file, and we agree with the union defendants that this defeats the plaintiffs' Article III standing to challenge section 208(4)(a), at least until the plaintiffs have concrete plans to change their home address before an

event that would trigger the compelled disclosure. The plaintiffs have no such plans at this time, so they respectfully ask the Court to dismiss their constitutional challenge to section 208(4)(a) for lack of subject-matter jurisdiction.

## CONCLUSION

The state defendants' motion to dismiss should be granted, and the claims against the state defendants should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted.

Paul Niehaus
Kirsch & Niehaus
150 East 58th Street
22nd Floor
New York, New York 10155
(212) 631-0223
paul.niehaus@kirschniehaus.com

 /s/ Jonathan F. Mitchell 
Jonathan F. Mitchell*
Mitchell Law PLLC
106 East Sixth Street
Suite 900
Austin, Texas 78701
(512) 686-3940
jonathan@mitchell.law

* admitted *pro hac vice*

*Counsel for Plaintiffs and
the Proposed Classes*

Dated: April 23, 2019

## CERTIFICATE OF SERVICE

I certify that on April 23, 2019, I served this document by e-mail upon:

CHARLES G. MOERDLER
ALAN M. KLINGER
DINA KOLKER
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038
(212) 806-5400
cmoerdler@stroock.com
aklinger@stroock.com
dkolker@stroock.com

ROBERT T. REILLY
MICHAEL J. DEL PIANO
EDWARD J. GREENE JR.
ANDREA A. WANNER
52 Broadway, 9th Floor
New York, New York 10004
(212) 228-3382
mdelpian@nysutmail.org
egreene@nysutmail.org
awanner@nysutmail.org

*Counsel for Union Defendants*

ROBERT E. MORELLI
Assistant Attorney General
300 Motor Parkway, Suite 230
Hauppauge, New York 11788
robert.morelli@ag.ny.gov

*Counsel for State Defendants*

JOHN H. GROSS
Ingerman Smith, L.L.P.
150 Motor Parkway, Suite 400
Hauppauge, New York 11788
(631) 261-8834
jgross@ingermansmith.com

*Counsel for School District Defendants*

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL*
*Counsel for Plaintiffs and
the Proposed Classes*