# EXHIBIT 1


Neutral
As of: April 11, 2019 7:34 PM Z

# *Berman v. N.Y. State Pub. Emple. Fed'n*

United States District Court for the Eastern District of New York

March 31, 2019, Decided; March 31, 2019, Filed

16-cv-204 (DLI)(RLM)

**Reporter**
2019 U.S. Dist. LEXIS 57312 *; 2019 WL 1472582

ZACHARY L. BERMAN, Plaintiff, NEW YORK STATE PUBLIC EMPLOYEE FEDERATION; SAMUEL D. ROBERTS, Commissioner, Office of Temporary and Disability Assistance; and THOMAS P. DINAPOLI, Comptroller, State of New York, Defendants.

**Prior History:** *Berman v. N.Y. State Pub. Emple. Fed'n, 2017 U.S. Dist. LEXIS 51978 (E.D.N.Y., Mar. 31, 2017)*

## Core Terms

employees, moot, reconsideration, Payroll, damages, agency fee, parties, Bulletin, deductions, agency shop, law law law, intervening, agencies, requires, motions, rights, adjudicate, bargaining, cessation, renew, stub, cross-motions, limitations, activities, collection, procedures, reconsider, nonmember, calendar, issuance

**Counsel:** **[*1]** For Zachary L. Berman, Individually, Plaintiff: W. James Young, LEAD ATTORNEY, PRO HAC VICE, National Right to Work Legal Defense Foundation, Inc., Springfield, VA; E. Scott Morvillo, Morvillo LLP, New York, NY.

For Public Employees Federation, AFL-CIO, Defendant: Alison Marie Thorne, Lisa M. King, Public Employees Federation, Albany, NY; Edward Joseph Aluck, New York State Public Employees Federation, AFL-CIO, Albany, NY.

**Judges:** DORA L. IRIZARRY, Chief United States District Judge.

**Opinion by:** DORA L. IRIZARRY

## Opinion

**MEMORANDUM & ORDER**

**DORA L. IRIZARRY, Chief United States District Judge**:

Plaintiff Zachary Berman ("Plaintiff") is employed as a hearing officer for the Office of Temporary and Disability Assistance (the "OTDA") in a bargaining unit represented, exclusively for purposes of collective bargaining, by Defendant New York State Public Employee Federation (the "PEF"). (*See*, Complaint, Docket Entry No. 1, ¶ 9 ("Compl.").) The PEF represents all white-collar New York State employees, including employees of the OTDA, exclusively for purposes of collective bargaining with the State of New York. (*Id.* ¶ 10.) Plaintiff is not a member of the PEF. (*Id.* ¶ 9.)

Defendant Samuel D. Roberts (the "Commissioner") is the Commissioner **[*2]** of the OTDA, and oversees the operations of the OTDA, including labor relations. (*Id.* ¶ 11.) Defendant Thomas P. DiNapoli (the "Comptroller," and, together with the Commissioner, the "State Defendants") is the Comptroller of the State of New York, and is responsible for maintaining the State's accounting system and administering payroll for all state agencies. (*Id.* ¶ 12.)

Plaintiff alleges that agency fees withheld from his pay and transferred to the PEF have been used to fund the PEF's political, ideological, and other non-bargaining activities in violation of his *First Amendment* rights. He also challenges the constitutionality of the PEF's procedure for allowing employees to object to certain expenditures.

On January 14, 2016, Plaintiff filed his Complaint pursuant to *42 U.S.C. § 1983*, alleging that: (i) Defendants' policies under *N.Y. Civ. Serv. Law § 208(3)* (the "Taylor Law") regarding the collection of agency fees violated his *First*, *Fifth*, and *Fourteenth Amendment* rights (Count I, the "Taylor Law claim"); and (ii) Defendants did not provide adequate safeguards and procedural protections as required under *Chicago Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson, 475 U.S. 292, 106 S. Ct. 1066, 89 L. Ed. 2d 232 (1986)* (Count II, the "*Hudson* claim"). (*See generally*, Complaint.) Plaintiff seeks declaratory, injunctive, and monetary relief.

The State Defendants moved to dismiss. (Defs. **[*3]** Mot. to

Dismiss, Docket Entry No. 17.) By Memorandum and Order dated March 31, 2017, the Court granted the motion, dismissed both claims against the State Defendants, and dismissed the Taylor Law claim as to the PEF. (Memorandum and Order, Docket Entry No. 29.) In dismissing the Taylor Law claim against all Defendants, the Court was bound by "the central holding in [*Abood v. Detroit Bd. of Ed., 431 U.S. 209, 97 S. Ct. 1782, 52 L. Ed. 2d 261 (1977)*] that statutes such as *section 208(3)* do not offend the *First Amendment*." The Court dismissed the *Hudson* claim as to the State Defendants and terminated them from the case, finding that, even if *Hudson*'s requirements applied to the State Defendants, the Complaint failed to allege specific procedures within their responsibility that Plaintiff objected to as the basis of his claim.

Thus, the *Hudson* claim against the PEF remained. On April 5, 2018, the PEF and Plaintiff filed cross-motions for summary judgment. (*See*, Berman Motion, Docket Entry No. 44; PEF Motion, Docket Entry No. 46.)

On June 27, 2018, the Supreme Court decided *Janus v. American Federation of State, County, and Municipal Employees, Council 31, et al., 138 S. Ct. 2448, 201 L. Ed. 2d 924 (2018)*, which expressly overturned *Abood*, holding unequivocally that "States and public-sector unions may no longer extract agency fees from nonconsenting [*4] employees," *138 S. Ct. at 2459*.

In response, on July 3, 2018, the Office of the State Comptroller issued Payroll Bulletin No. 1660 (the "Payroll Bulletin"), which addressed *Janus*'s impact on the state's practice of agency fee deduction.[1] The stated purpose of the bulletin was "[t]o notify agencies of the discontinuance of Agency Shop Fee deductions" for "[a]ll employees paid by the New York State Payroll System . . . who have an Agency Shop Fee deduction." The Payroll Bulletin instructed affected state agencies to notify their employees of the following:

   1. Employees who previously had agency shop fees deducted from their paycheck will no longer have this fee deducted.
   2. Employees will continue to see their year-to-date (YTD) Agency Shop Fee deduction reflected on their pay stub through the end of the calendar year.
   3. Eligible new employees who have not opted to become a union member will see a $0.00 current Agency Shop Fee deduction amount and a $0.00 YTD balance reflected on their pay stub through the end of the calendar year. Eligible employees who opt to become a union member will see the appropriate current and YTD union dues deductions reflected on their pay stub.

   4. No other union-related deductions [*5] will be affected.

(Payroll Bulletin.)

On August 23, 2018, Plaintiff filed the instant motion for reconsideration of this Court's March 31, 2018 decision dismissing all but the *Hudson* claim, citing *Janus* as intervening dispositive authority. (Mot. for Reconsideration, Docket Entry No. 58.)[2] For the reasons set forth below, Plaintiff's motion for reconsideration is granted, and, upon reconsideration, the claims against the State Defendants are dismissed as moot, and the parties' summary judgment motions are denied without prejudice to renew consistent with this opinion.

## DISCUSSION

### A. Reconsideration of the Dismissal Opinion

*Federal Rule of Civil Procedure 54(b)* provides, in relevant part:

   any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities.

*Fed. R. Civ. P. 54(b)*.

"The Court has authority under *Fed. R. Civ. P. 54(b)*, as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment." *Smith v. Town of Hempstead Dep't of Sanitation Sanitary Dist. No. 2, Bd. of Comm'rs, 982 F. Supp.2d 225, 230 (E.D.N.Y. 2013)* [*6] (quoting *Richman v. W.L. Gore & Assocs., 988 F. Supp. 753, 755 (S.D.N.Y. 1997)*). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear

---

[1] Office of the State Controller, Bureau of State Payroll Servs., Bull. No. 1660 (July 3, 2018), www.osc.state.ny.us/agencies/pbull/agencies/2017_2018/bulet1660.htm. "In resolving a motion to dismiss for lack of subject matter jurisdiction under *Rule 12(b)(1)* a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008)*, *aff'd*, *561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010)* (citing *Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000))*.

[2] The State Defendants filed supplemental authority. (*See*, Docket Entry No. 62.)

ROBERT MORELLI

error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)* (internal quotation marks omitted); *Accord In re Ski Train Fire, 224 F.R.D. 543, 548 (S.D.N.Y. 2004)*.

In this district, a motion to reargue, modify, or vacate a prior decision must comply with *Local Civil Rule 6.3*, which requires that a motion for reconsideration be served within fourteen days after the entry of the Court's determination of the original motion. *Local Civil Rule 6.3*. The Court retains "discretion to consider a motion for reargument notwithstanding the movant's failure to comply with *Local Rule [6.3]*'s requirements, but it will only exercise this discretion when justice so requires." *Church of Scientology Int'l v. Time Warner, Inc., 1997 U.S. Dist. LEXIS 12839, 1997 WL 538912, at *4 (S.D.N.Y. Aug. 27, 1997)*. Justice requires the exercise of this discretion when, for example, there is an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision. *See, Filler v. Hanvit Bank, 2003 U.S. Dist. LEXIS 12836, 2003 WL 21729978, at *1 (S.D.N.Y. July 23, 2003)* (vacating prior orders where a recent Supreme Court decision altered the outcome); *Richman, 988 F. Supp. at 755, 759* (modifying a prior opinion where the Supreme Court decision constituted an intervening change in the controlling law).

The *Janus* decision is an intervening change in controlling law that directly **[*7]** affects this action. It expressly overruled *Abood*, which was central to this Court's March 31, 2018 Memorandum and Order dismissing nearly all of the claims in the complaint. Accordingly, Plaintiff's motion for reconsideration is granted.

## B. Plaintiff's Claims Are Moot Insofar As They Seek Prospective Relief

The State Defendants moved to dismiss under *Rules 12(b)(1)* and *12(b)(6) of the Federal Rules of Civil Procedure*, and the Court will reconsider its ruling under those standards. A case is properly dismissed for lack of subject matter jurisdiction under *Rule 12(b)(1)* when the district court lacks the statutory or constitutional power to adjudicate it. *See, Fed. R. Civ. P. 12(b)(1)*. The State Defendants argue that after the issuance of the Payroll Bulletin, Plaintiff's constitutional challenge to the agency fee deductions is moot.

"Article III of the Constitution limits federal 'judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980)*. "[A]t all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ., 260 F.3d 114, 118 (2d Cir. 2001)*. "When the issues in dispute between the parties 'are no longer live,' a case becomes moot." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 84 (2d Cir. 2005)* (quoting *Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969))*. "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" *Doyle v. Midland Credit Mgmt., 722 F.3d 78, 80 (2d Cir. 2013)* (quoting *Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994))*. Mootness must be **[*8]** judged in the present, not at the time the complaint was filed. *Stronko v. Bergin, 843 F. Supp. 827, 828-29 (N.D.N.Y. 1994)*.

"Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave '[t]he defendant . . . free to return to his old ways.'" *United States v. Concentrated Phosphate Exp. Ass'n, 393 U.S. 199, 203, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968)* (quoting *United States v. W.T. Grant Co., 345 U.S. 629, 632, 73 S. Ct. 894, 97 L. Ed. 1303 (1953))*. However, if, after voluntarily ceasing to engage in the allegedly illegal activities, "the defendant can demonstrate that: (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," then a finding of mootness is appropriate. *Campbell v. Greisberger, 80 F.3d 703, 706 (2d Cir. 1996)*.

The Payroll Bulletin makes clear that, in light of *Janus*, the Defendants have ceased their practice of withdrawing agency fees from nonmember employees. Also, the State Defendants no longer defend the legality of agency fee arrangements. It is well established that a defendant cannot reasonably be expected to resume conduct that it acknowledges is contrary to binding precedent. *See, Granite State Outdoor Adver., Inc. v. Town of Orange, 303 F.3d 450, 451-52 (2d Cir. 2002)* (finding voluntary cessation satisfied where there was no evidence that town had any intention of returning to prior regulatory scheme); *Jarvis v. Cuomo, 2016 U.S. Dist. LEXIS 6218, 2016 WL 278934, at *3 (N.D.N.Y. Jan. 21, 2016)*, aff'd, *660 F. App'x 72 (2d Cir. 2016)*, cert. denied, 137 S. Ct. 1204, 197 L. Ed. 2d 246 (2017); *See also, Carlson v. United Acads., 265 F.3d 778, 786 (9th Cir. 2001)* ("It is unreasonable **[*9]** to think that the Union would resort to conduct that it had admitted in writing was constitutionally deficient and had attempted to correct."). The Court is satisfied that the changes in state policy described in the Payroll Bulletin are sufficient for the Defendants to establish cessation of the prior unconstitutional conduct.

However, this case is moot only insofar as Plaintiff asserts claims for prospective relief as Plaintiff's claims for monetary

relief avoid mootness. *See*, Van Wie v. Pataki, 267 F.3d 109, 115 n.4 (2d Cir. 2001) (to avoid mootness "for suits alleging constitutional violations under *42 U.S.C. § 1983*, it is enough that the parties merely request nominal damages."). This principle follows from the general rule that "a claim for money damages is not moot, no matter how clear it is that the claim arises from events that have completely concluded without any prospect of recurrence." 13C C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3533.3 (3d ed. 2008). Indeed, some commentators have suggested that, "[i]n holding unconstitutional the agency fees on which most public employee unions rely, *Janus* makes it likely that they can be sued for substantial damages under the federal civil rights statute, *42 U.S.C. § 1983*." William Baude & Eugene Volokh, **[*10]** *Compelled Subsidies and the First Amendment*, 132 Harv. L. Rev. 171, 201 (2018).

Plaintiff seeks damages stemming from the collection of agency fees and allegedly improper procedures for allowing nonmember employees to object to the use of such fees. Accordingly, the Taylor Law claim and *Hudson* claim survive insofar as they seek money damages, but are moot insofar as they seek prospective relief. Furthermore, these claims survive only against the PEF because Plaintiff has "specifically disclaim[ed] any intent or effort to obtain damages from the State Defendants." (Berman Opp'n, Docket Entry No. 25 at 9-10.)

### C. The Summary Judgment Motions Are Denied Without Prejudice

It is not settled whether a defendant can be liable for damages for conduct that was lawful when undertaken, but later found unconstitutional,[3] and the parties have not had the opportunity to brief the issue. Plaintiff and the PEF's cross-motions for summary judgment do not address the application of *Janus* to Plaintiff's damages claims because they were briefed before *Janus* was decided. For this reason, the parties' summary judgment motions are denied without prejudice to renew to address Plaintiff's claims for damages. The parties would be wise to consider such issues **[*11]** as a constitutional reversal's retroactivity, the availability of any defenses (including good faith reliance on existing law), and the application of any statutes of limitations.

### CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Reconsideration is granted. Upon reconsideration, the State Defendant's Motion to Dismiss is granted. Accordingly: (i) this action remains dismissed as to the State Defendants; (ii) Count I is reinstated against the PEF; and (iii) Count II remains against the PEF. The claims against the PEF are for retrospective money damages only. Plaintiff and the PEF are requested to submit a briefing schedule for their renewed summary judgment motions taking into account the considerations discussed above, no later than April 19, 2019. SO ORDERED.

Dated: Brooklyn, New York

March 31, 2019

/s/ DORA L. IRIZARRY

Chief Judge

**End of Document**

---

[3] *Compare*, William Baude & Eugene Volokh, *Compelled Subsidies and the First Amendment*, 132 Harv. L. Rev. 171 (2018), *with* Aaron Tang & Fred O. Smith Jr., *Can Unions Be Sued for Following the Law?*, 132 Harv. L. Rev. F. 24 (2018) and Erwin Chemerinsky & Catherine L. Fisk, *Exaggerating the Effects of Janus: A Reply to Professors Baude and Volokh*, 132 Harv. L. Rev. F. 42, 43 (2018).