UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

SCOTT PELLEGRINO, on behalf of himself and all others similarly situated; and CHRISTINE VANOSTRAND, on behalf of herself and all others similarly situated,

                              Plaintiffs,

   – against –

NEW YORK STATE UNITED TEACHERS; UNITED TEACHERS OF NORTHPORT, as representative of the class of all chapters and affiliates of New York State United Teachers; NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT, as representative of the class of all school districts in the state of New York; ANDREW CUOMO, in his official capacity as Governor of New York; BARBARA UNDERWOOD, in her official capacity as Attorney General of New York; JOHN WIRENIUS, in his official capacity as chair of the New York Public Employment Relations Board; and ROBERT HITE, in his official capacity as member of the New York Public Employment Relations Board,

                              Defendants.

------------------------------------------------------------------------x

**ECF Case**

Docket No.
2:18-CV-03439
(JMA/GRB)

**DECLARATION IN SUPPORT
OF DEFENDANT'S
MOTION TO DISMISS**

STATE OF NEW YORK    )
                            ) ss.
COUNTY OF SUFFOLK   )

      JOHN H. GROSS declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

      1.    I am a partner of the law firm of Ingerman Smith, L.L.P., attorneys for the NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT (hereinafter referred to as the "School District" or "District"), which has been named as a Defendant in the above-captioned action. I am fully familiar with the proceedings had herein upon my review of the matter and file.

1

2.     I submit this Declaration in support of the School District's instant motion to dismiss the Plaintiffs', Pellegrino and VanOstrand, Complaint as to the School District pursuant to Rules 12(b)(1), (b)(6), and (b)(7) of the Federal Rules of Civil Procedure.

3.     The School District, pursuant to Federal Rule of Civil Procedure 12(b)(1), moves to dismiss the claims made against the District in ¶¶45(c), (d), (e), (f), (j), (k), (l), and (m)[1] of the Complaint filed June 13, 2018, because all of these claims against the District are either moot or the Plaintiffs' lack standing, and therefore, lack subject matter jurisdiction.

4.     The School District also moves to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the claims made against the District in ¶¶45(l), (n), (o), (q), and (r) of the Complaint, because all of these claims against the District fail to state a claim upon which relief can be granted.

5.     Lastly, the School District moves to dismiss the Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join required and necessary parties.

## FACTUAL BACKGROUND

6.     A more detailed narrative of the facts is set forth in the Defendants' Memorandum of Law in Support, dated January 21, 2019.

7.     On June 13, 2018, the Plaintiffs filed a Complaint against the School District and the following Defendants: New York State United Teachers, United Teachers of Northport, as representative of the class of all chapters and affiliates of New York State United Teachers, Andrew Cuomo, in his official capacity as Governor of New York, Barbara Underwood, in her official capacity as Attorney General of New York, John Wirenius, in his official capacity as chair

---

[1] The Complaint improperly omits to plead separate causes of action for each of Plaintiffs' claims. Rather, it contains a single cause of action for all federal claims against all of the Defendants. Plaintiffs appear to articulate their specific claims in the Demand for Relief section of the Complaint. Therefore, we refer the Court to the relevant subparagraphs of the Demand for Relief.

2

of the New York Public Employment Relations Board, and Robert Hite, in his official capacity as member of the New York Public Employment Relations Board.

8. A copy of the Plaintiffs' Complaint dated June 13, 2018 ("Complaint") along with a copy of the sections of New York Civil Service Law that are being challenged, and the collective bargaining agreement between the District and the United Teachers of Northport are annexed hereto as Exhibits A, B, and C respectively.

9. Plaintiff Scott Pellegrino, is a public school teacher in the School District and a former Union member of the United Teachers of Northport and the New York State United Teachers (hereinafter referred to as "NYSUT"). See Affidavit of Robert Howard, sworn to January 11, 2019, at 3, ¶¶ 11-13, (hereinafter "Howard Aff.").

10. Plaintiff Christine VanOstrand, is a public school teacher in the Union-Endicott Central School District[2] who is not a member of NYSUT or its affiliates but was compelled to pay agency fees prior to the issuance of the United States Supreme Court's decision in Janus v. AFSCME, Council 31. See Exhibit A at 5, ¶¶17-18.

11. On or about August 27, 2018, Plaintiff Pellegrino withdrew his membership from both the United Teachers of Northport and NYSUT. Howard Aff. at 3, ¶13. The School District has not deducted any dues from Plaintiff Pellegrino's paycheck since his withdrawal from the union. Id. at 3, ¶14.

12. In a long-standing decision by the Supreme Court in Abood v. Detroit Bd. of Educ., 431 U.S. 209 (1977), the Court held that requiring bargaining unit members who chose not to join the union to pay an "agency fee" was constitutionally permissible.

---

[2] Plaintiff VanOstrand's school district or local representative union are not named as defendants in this suit.

13. On June 27, 2018, the United States Supreme Court rendered its decision in <u>Janus v. AFSCME, Council 31</u>, 138 S. Ct. 2448 (2018) (hereinafter referred to as "<u>Janus</u>"), and overturned this well-settled doctrine and precedent by finding that agency fee statutes are unconstitutional under the First Amendment.

14. In response to <u>Janus</u>, the School District has ceased the collection of agency fees from non-consenting non-union member public employees, like VanOstrand in this case, and collection of such fees will not be reinstated in light of the Supreme Court's decision therein.

15. Furthermore, the School District only deducts union dues upon receipt of affirmative consent from the School District employee.

## ARGUMENT

16. In its Complaint, Plaintiffs' seeks monetary damages, declaratory and injunctive relief based on alleged unconstitutional extraction of agency fees and an amount equal to agency fees from employee paychecks and other alleged violations of their constitutional rights.

17. For the reasons discussed in the enclosed Memorandum of Law in Support, the claims in ¶¶ 45(c), (d), (e), (f), (j), (k), (l), and (m) of the Complaint should be dismissed for lack of subject matter jurisdiction because the claims are moot as a result of the Supreme Court's decision in <u>Janus</u>. The School District's collection of agency fees have ceased as a result of <u>Janus</u> and therefore, the Complaint must be dismissed because there is no live case or controversy and the Plaintiffs' alleged injuries cannot be redressed by a favorable judicial decision since the matter has already been resolved by <u>Janus</u>. The Plaintiffs' dispute has been resolved due to the intervening change in the applicable case law, which declares agency fees as unconstitutional. Therefore, the Plaintiffs', particularly Plaintiff VanOstrand and the class she represents, have already received the relief sought, which is cessation of the deduction of agency fees.

18. Plaintiff Pellegrino's claim that he was compelled to join the union because if he did not join he would have been forced to pay agency fees has also been resolved due to the Janus and should be dismissed in its entirety. His claim has been resolved because he is no longer faced with the alleged Hobson's choice of paying either agency fees or union dues since agency fees are no longer mandatory and he would not be required to pay such fees when he leaves the union.

19. Furthermore, Plaintiffs' Complaint must also be dismissed as moot because the "voluntary cessation" exception to mootness does not apply because it cannot reasonably be expected that the deduction of agency fees will recur since doing so would be unconstitutional and in direct violation of the Supreme Court's decision. Additionally, when the Supreme Court overruled its prior precedent, the District immediately acknowledged and followed the change in the law by immediately stopping the collection of agency fees. Howard Aff. at 2, ¶9. Therefore, the intervening change in the applicable case law has completely eradicated the effects of the alleged violation because the collection of agency fees ended after Janus, and it is extremely unlikely that the District will require Plaintiffs to pay agency fees in the future.

20. Plaintiffs' claims in ¶¶45(e), (n), and (q) of the Complaint must also be dismissed against the School District because the Plaintiffs' no longer have any injury-in-fact or redressable claim and therefore, lack standing to challenge the constitutionality of New York Civil Service Law Sections 208(1)(b)(i), 208(3)(a), 208(3)(b), and 208(4)(a).

21. The Plaintiffs lack standing for both injunctive and declaratory relief because the Plaintiffs cannot demonstrate a likelihood of future injury as a result of the School District's continued conduct because such conduct has ceased. Howard Aff. at 2, ¶¶9, 14. Additionally, Plaintiffs are unable to establish a causal connection between their injury and the purported challenged action of the District because the District was simply acting in accordance with state

law at the time and has ceased the deduction of agency fees once the Supreme Court deemed such fees unconstitutional. Id. at 2, ¶9. Furthermore, the alleged injury is the result of the New York State Legislature's independent action of promulgating and enforcing the relevant provisions of New York's Civil Service Law, which is a third party that is not before this Court.

22. Plaintiffs' claims asserted in ¶¶45(l), (n), (o), (p), (q), and (r) directly against the School District, must be dismissed for failure to state a claim for which relief can be granted. Plaintiffs' claims against the School District fail as a matter of law because the Complaint merely asserts conclusory allegations and does not plead enough factual content to allow the court to draw a reasonable inference that the District is liable for unconstitutionally deducting fees when the District was simply complying with the state law and controlling Supreme Court precedent at the time. Moreover, the Complaint does not contain any factual allegations connecting the District to any of the events described in the Complaint, other than merely attaching a collective bargaining agreement that contains agency fee provisions. Therefore, the Complaint lacks sufficient detail to set forth any plausible claim.

23. Furthermore, the Plaintiffs' have not stated any cognizable claim against the School District because the Complaint fails to establish that Sections 208(1)(b)(i) and 208(4)(a) are unconstitutional. The School District is simply an intermediary party that was complying with state law, and therefore, must be dismissed.

24. Plaintiffs have failed to establish that New York Civil Service Law Section 208(1)(b)(i) is unconstitutional because union membership cards are valid contracts, which must be performed and adhered to once entered into. Mr. Pellegrino admits that he chose to join the union because the monetary difference between union dues and agency fees was not worth losing his vote and the influence he may have had in collective bargaining. Exhibit A at 4, ¶13. Although

Mr. Pellegrino does not agree with his union's activities, his claims are without merit because he voluntarily joined the union when he consented to the deduction of dues from his wages. Id. Furthermore, Mr. Pellegrino's potential loss of influence is not constitutionally protected and therefore must be dismissed for failure to state a claim.

25. Plaintiffs' have also failed to state a claim that Section 208(4)(a) is unconstitutional because the Plaintiffs were not required or pressured to become union members and the Second Circuit has held that a state law which requires public employers to "meet and confer" with a bargaining unit's representative does not infringe on the non-union unit members' First Amendment rights.

26. Additionally, the Complaint fails to state a claim against the School District for repayment of agency fees and compensatory damages in an amount equal to agency fees for union members because it simply demands such relief from the NYSUT and its affiliates. The Plaintiffs' do not plead in the Complaint that the District is jointly and severally liable for retroactive compensation or for compensatory damages. Rather, Plaintiffs' counsel merely states in his reply letter to the School District's motion to dismiss that the District, "along with the union, is jointly and severally liable for any monetary judgment." See Plaintiffs' Response to School District's Letter of August 20, 2018, annexed hereto as Exhibit D, at 2.

27. Moreover, damages and any retroactive relief cannot be awarded against the District for violation of Section 1983 because its actions were taken in good faith and were based on a presumptively constitutional statute and prior Supreme Court precedent. Furthermore, all monies collected by the District pursuant to law and the teachers' collective bargaining agreement were transmitted to the union. Therefore, the District cannot be liable for the collection or

repayment of such monies when the District was simply serving as the statutory agent for the deduction and transmittal of union dues and agency fees.

28. Lastly, the Complaint must be dismissed in its entirety for failure to join required and indispensable parties. Plaintiffs have failed to join VanOstrand's union or employer as parties to this action and as a result complete relief cannot be accorded among the parties to this action. The Complaint seeks retroactive and prospective relief from every school district in New York State and every local affiliate of NYSUT. VanOstrand's union and employer play a significant role in providing the injunctive relief sought by Plaintiffs.

29. Furthermore, the declaratory judgments and monetary damages sought by Plaintiffs also place an affirmative obligation on the parties not joined in this action because VanOstrand's employer and union are the parties responsible for paying the damages sought and are also the parties that would have an affirmative obligation to comply with the relevant statutes and collective bargaining agreements. Therefore, the Plaintiffs' Complaint must be dismissed for failure to join necessary and indispensable parties.

30. No previous application for the relief requested herein has been made by the School District.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: Hauppauge, New York
January 21, 2019

                                                 /S/ *John H. Gross*
                                                 JOHN H. GROSS, ESQ. (JG 4155)