UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X   **ECF Case**

SCOTT PELLEGRINO, on behalf of himself and all others similarly
situated; and CHRISTINE VANOSTRAND, on behalf of herself and
all others similarly situated,

Docket No.
2:18-CV-03439
(JMA/GRB)

                                  Plaintiffs,

    – against –

NEW YORK STATE UNITED TEACHERS; UNITED TEACHERS
OF NORTHPORT, as representative of the class of all chapters and
affiliates of New York State United Teachers; NORTHPORT-EAST
NORTHPORT UNION FREE SCHOOL DISTRICT, as
representative of the class of all school districts in the state of New
York; ANDREW CUOMO, in his official capacity as Governor of
New York; BARBARA UNDERWOOD, in her official capacity as
Attorney General of New York; JOHN WIRENIUS, in his official
capacity as chair of the New York Public Employment Relations
Board; and ROBERT HITE, in his official capacity as member of the
New York Public Employment Relations Board,

                              Defendants.

--------------------------------------------------------------------------------X

---

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

---

                              Respectfully submitted,

                              INGERMAN SMITH, L.L.P.
                              *Attorneys for the Northport-East Northport*
                              *Union Free School District*
                              150 Motor Parkway, Suite 400
                              Hauppauge, New York 11788
                              (631) 261-8834

OF COUNSEL:
JOHN H. GROSS. ESQ. (JG 4155)
DAVID F. KWEE, ESQ. (DK 1199)

i

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................... ii

PRELIMINARY STATEMENT ....................................................................1

STATEMENT OF FACTS ............................................................................2

ARGUMENT

    I.     THE PLAINTIFFS' CLAIMS AGAINST THE SCHOOL DISTRICT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE NO JUSTICIABLE CONTROVERSY REMAINS ......................6

        A.  The Collection of Agency Fees Have Ended As a Result of _Janus_ and Therefore the Complaint Must be Dismissed Because There is No Live Case or Controversy ...............................................................................7

        B.  The "Voluntary Cessation" Exception to Mootness Does Not Apply to Plaintiffs' Challenges Because the Challenged Conduct Cannot Reasonably Be Expected to Recur ..............................................................9

    II.    PLAINTIFFS LACK STANDING TO BRING THIS ACTION AND THEREFORE THEIR CLAIMS AGAINST THE SCHOOL DISTRICT MUST BE DISMISSED ..............................................................................12

    III.   PLAINTIFFS' CLAIMS AGAINST THE SCHOOL DISTRICT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ....................................................................14

        A.  Plaintiffs' Claims Against the School District Fail as a Matter of Law Because the Complaint Lacks Sufficient Facts to Set Forth Any Plausible Claim for Relief ..............................................................................15

        B.  Plaintiffs' Claims Against the School District Must be Dismissed Because the Plaintiffs Have Not Made a Cognizable Claim Against the School District ......................................................................................17

            1.  _Plaintiffs have Failed to Establish that New York Civil Service Law Section 208(1)(b)(i) is Unconstitutional Because the First Amendment Does Not Provide a Right to Renege on Contractual Obligations_ ...................................................................................17

i

2.  *Plaintiffs' Have Also Failed to State a Claim that Section 208(4)(a) is Unconstitutional* ........................................................18

3.  *Lastly, Plaintiffs' Have Failed to State a Claim For Repayment of Agency Fees and Compensatory Damages Against the School District* ..........................................................................................19

IV.  PLAINTIFFS HAVE FAILED TO JOIN NECESSARY AND INDISPENSABLE PARTIES AND THEREFORE THE COMPLAINT MUST BE DISMISSED .................................................................................21

CONCLUSION..............................................................................................................23

# TABLE OF AUTHORITIES

Page

**Cases:**

Abood v. Detroit Bd. of Educ., 431 U.S. 209 (1977) .....................................................3

Aikens v. Cal., 406 U.S. 813 (1972) ...........................................................................7

Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40 (2d Cir. 1991)....................................15

Am. Express Co. S'holder Litig.v. Robinson, 39 F.3d 395 (2d Cir. 1994) ...................16

Ashcroft v. Iqbal, 556 U.S. 662 (2009).......................................................................16

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) .......................15

Ballas v. McKiernan, 341 N.Y.S.2d 520 (2d Dep't 1973)..........................................17

Beechwood Restorative Care Ctr. v. Thompson, 494 F. Supp. 2d 181 (W.D.N.Y. 2007) .............7

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................15

Bennett v. Spear, 520 U.S. 154 (1997) .......................................................................12

Burnette v. Carothers, 192 F.3d 52 (2d Cir. 1999), cert. denied, 531 U.S. 1052 (2000)..............16

Calderon v. Moore, 518 U.S. 149 (1996) .....................................................................7

Civil Serv. Emps. Ass'n, Inc., Local 1000, AFSCME, AFL-CIO, Rensselaer Cnty. Local 842, City of Troy Unit 8251, 28 PERB ¶ 3027 (1995).................................................20

Cleveland v. Caplaw Enters., 448 F.3d 518 (2d Cir. 2006)..........................................15

Cohen v. Cowles Media Co., 501 U.S. 663 (1991) ......................................................18

Conley v. Gibson, 355 U.S. 41 (1957).........................................................................15

Cty. of L.A. v. Davis, 440 U.S. 625 (1979) ..............................................................7,10

Danielson v. Am. Fed'n of State, Cty., & Mun. Emps., Council 28, AFL-CIO, No. 3:18-cv-05206-RJB, 2018 WL 6520729 (W.D. Wash. Nov. 28, 2018)....................................10

Danielson v. Inslee, No. 3:18-CV-05206-RJB, 2018 WL 3917937 (W.D. Wash. Aug. 16, 2018) ......................................................................................................................10

Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340 (2d Cir. 1998) ...............................13

Doyle v. Midland Credit Mgmt., 722 F.3d 78 (2d Cir. 2013) ......................................7

Edward B. Beharry & Co. v. Bedessee Imports Inc., No. 09-CV-77 (DLI) (JMA), 2013 WL
12363612 (E.D.N.Y. June 24, 2013) ..........................................................................21

Fisk v. Inslee, No. C16-5889RBL, 2017 WL 4619223
(W.D. Wash. Oct. 16, 2017) ...........................................................................9, 17, 18

Ford v. Reynolds, 326 F. Supp. 2d 392 (E.D.N.Y. 2004)......................................7, 12

Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135 (2d Cir. 1994)...........................7

Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66 (2013).........................................7

Hidalgo v. Johnson & Johnson Consumer Cos., Inc., 148 F. Supp. 3d 285
(S.D.N.Y. 2015) ......................................................................................................16

Hirsch v. Arthur Andersen & Co., 72 F.3d 1085 (2d Cir. 1995) .................................16

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) .........................................................15, 17

Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31, 138 S.Ct. 2448
(2018) .........................................................1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 14

Jarvis v. Cuomo, No. 5:14-cv-1459(LEK/TWD), 2016 WL 278934 (N.D.N.Y Jan. 21,
2016)  ...............................................................................................8, 11, 20

Jarvis v. Cuomo, 660 Fed. Appx. 72 (2016)..........................................................8, 11, 20

Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298 (2012) ............................9

Lewis v. Cont'l Bank Corp., 494 U.S. 472 (1990) ...................................................7, 10

McCormick v. Sch. Dist. of Mamaroneck, 370 F.3d 275 (2d Cir. 2004) .....................13

McFadden v. Grand Union, 154 F.R.D. 61 (S.D.N.Y. 1994) .......................................21

Minn. State Bd. For Comm. Colleges v. Knight, 465 U.S. 271 (1984)........................19

Murphy v. Hunt, 455 U.S. 478 (1982)......................................................................8

Princeton Univ. v. Schmid, 455 U.S. 100 (1982) .......................................................10

Riley v. Cuomo, No. 2:17-cv-01631(ADS)(AYS), 2018 WL 1832929 (E.D.N.Y. Apr. 16, 2018) .................................................................................................................................13

Ruotolo v. City of N.Y., 514 F.3d 184 (2d Cir. 2008)...................................................16

U.S. Parole Comm'n v. Gregory, 445 U.S. 388 (1980)..................................................7

United States v. W.T. Grant Co., 345 U.S. 629 (1953) ................................................10

Wang v. Societe du Figaro S.A., No. 15 CIV. 9376 (PAE), 2018 WL 3122055 (S.D.N.Y. June 26, 2018)............................................................................................................8

Wyatt v. Cole, 504 U.S. 158 (1992) ............................................................................20

Yohn v. Cal. Teachers Ass'n, No. SACV 17-202-JLS-DFM, 2018 WL 5264076 (C.D. Cal. Sept. 28, 2018)...................................................................................................11

## Statutes & Rules

28 U.S.C. §2201(a) (2010)................................................................................................1

42 U.S.C. § 1983 (1996) .................................................................................................1

Declaratory Judgment Act, 28 U.S.C. § 2201 (2010)......................................................1

FED. R. CIV. P. 19(a)(1)(A) ...........................................................................................21

FED. R. CIV. P. 12(b)(1) ..............................................................................................1, 6

FED. R. CIV. P. 12(b)(6) ..............................................................................................1, 6

FED. R. CIV. P. 12(b)(7) ........................................................................................1, 6, 21

FED. R. CIV. P. 12(h)(3) ................................................................................................7

N.Y. CIV. SERV. LAW § 208(1)(b)(i) (McKinney 2018) ...........................................5, 12, 13, 17

N.Y. CIV. SERV. LAW § 208(3)(a) (McKinney 2018) .........................................5, 12, 13

N.Y. CIV. SERV. LAW § 208(3)(b) (McKinney 2018) ................................3, 5, 9, 12, 13

N.Y. CIV. SERV. LAW § 208(4)(a) (McKinney 2018) ..............................5, 12, 14, 17, 18, 19

U.S. CONST. art. III, § 2, cl. 1.........................................................................................7

## PRELIMINARY STATEMENT

The NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT (hereinafter referred to as the "School District" or "District"), by its attorneys, Ingerman Smith, L.L.P., submits this Memorandum of Law in support of the School District's Motion to Dismiss the cause of action brought against the School District in the above-captioned action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7).

Plaintiff SCOTT PELLEGRINO, a public school teacher in the School District and a former Union member of the United Teachers of Northport and the New York State United Teachers (hereinafter referred to as "NYSUT"), and Plaintiff CHRISTINE VANOSTRAND (hereinafter referred collectively to as "Plaintiffs"), a public school teacher in the Union-Endicott Central School District who is not a member of NYSUT or its affiliates but was compelled to pay agency fees prior to the issuance of the United States Supreme Court's decision in Janus v. American Federation of State, County, & Municipal Employees ("AFSCME"), Council 31, 138 S.Ct. 2448 (2018), allege deprivation of Constitutional Rights under 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

The Defendant, NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT, pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7), moves to dismiss the claims made against the District in ¶¶45(c), (d), (e), (f), (j), (k), (l), (m), (n), (o), (q), and (r)[1] in the Complaint filed June 13, 2018, because all of these claims against the District are either moot, lacking jurisdiction, fail to join necessary parties, and/or fail to state a claim upon which relief can be granted.

---

[1] The Complaint improperly omits to plead separate causes of action for each of Plaintiffs' claims. Rather, it contains a single cause of action for all federal claims against all of the Defendants. Plaintiffs appear to articulate their specific claims in the Demand for Relief section of the Complaint. Therefore, we refer the Court to the relevant subparagraphs of the Demand for Relief.

1

More specifically, the School District moves to dismiss the claims made against the District in ¶¶45(c), (d), (e), (f), (j), (k), (l), and (m)[2] of the Complaint, because these claims against the District are either moot or the Plaintiffs lack standing, and therefore, lack subject matter jurisdiction. The claims made against the District in ¶¶45(l), (n), (o), (q), and (r) of the Complaint must be dismissed because these claims against the District fail to state a claim upon which relief can be granted. Lastly, the School District moves to dismiss the Complaint in its entirety for failure to join required and necessary parties. The Plaintiffs failed to join VanOstrand's employer and union, which are necessary parties to this action because complete relief cannot be accorded to the Plaintiffs without their joinder.

For the reasons set forth in detail below, all claims asserted against the District must be dismissed.

## STATEMENT OF FACTS

Plaintiff SCOTT PELLEGRINO, is a public school teacher in the NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT (hereinafter referred to as "School District" or "District") and a former Union member of the United Teachers of Northport and the New York State United Teachers (hereinafter referred to as "NYSUT"), and Plaintiff CHRISTINE VANOSTRAND, is a public school teacher in the Union-Endicott Central School District[3] who is not a member of NYSUT or its affiliates but was compelled to pay agency fees prior to the issuance of the United States Supreme Court's decision in Janus v. AFSCME, Council 31. See Exhibit A at 4-5, ¶¶12, 17-18; see also Affidavit of Robert Howard, sworn to January 11, 2019, at 3, ¶¶ 11-13 (hereinafter "Howard Aff."). On or about August 27, 2018, Plaintiff Pellegrino

---

[2] The Complaint improperly omits to plead separate causes of action for each of Plaintiffs' claims. Rather, it contains a single cause of action for all federal claims against all of the Defendants. Plaintiffs appear to articulate their specific claims in the Demand for Relief section of the Complaint. Therefore, we refer the Court to the relevant subparagraphs of the Demand for Relief.

[3] Plaintiff VanOstrand's school district or local representative union are not named as defendants in this suit.

withdrew his membership from both the United Teachers of Northport and NYSUT. Howard Aff. at 3, ¶13. The School District has not deducted any dues from Plaintiff Pellegrino's paycheck since his withdrawal from the union. Id. at 3, ¶ 14.

Both Plaintiffs allege that they were forced to support and fund their local representative unions even though they disagreed with the union's positions and activities. See Exhibit A at 4-5, ¶¶13, 16, 19. When the Complaint was filed in June of 2018, Plaintiff VanOstrand was required to contribute "agency fees" pursuant to N.Y. Civil Service Law § 208(3)(b). Id. at 5, ¶¶18, 21. In contrast, even though Plaintiff Pellegrino disagreed with the union and its positions, he was a union member at the time the Complaint was filed and paid full membership dues to his union. Id. at 4, ¶¶12-13; see Howard Aff., at 3, ¶ 12. Pellegrino contends that he was forced to join his union because he would have otherwise been required to pay agency fees, and "the difference in money between the full membership dues and the 'agency fees' would not have been worth the loss of his vote and whatever little influence he might be able to exert in collective-bargaining matters." Exhibit A at 4, ¶13.

For over forty years, the collection of agency fees from public sector employees, like the Plaintiffs in this action, who chose not to join the union was constitutional under Abood v. Detroit Board of Education, 431 U.S. 209 (1977). "Agency fee" refers to the fee paid by non-union member employees to cover the cost of services provided to them by the union. According to the Supreme Court in Abood, this fee may cover union expenditures attributable to those activities "germane" to the union's collective-bargaining activities but may not cover the union's political and ideological project expenditures. Abood v. Detroit Bd. of Educ., 431 U.S. 209, 210, 238-41 (1977). On June 27, 2018, the United States Supreme Court rendered its decision in Janus v. AFSCME, Council 31, 138 S. Ct. 2448 (2018) (hereinafter referred to as "Janus"), and

overturned this well-settled doctrine and precedent by finding that agency fee statutes are unconstitutional under the First Amendment. 138 S. Ct. 2448, 2486. The Court held that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." Id. However, the Janus decision narrowly focused on invalidating mandatory agency fee arrangements because the Court specified that "[s]tates can keep their labor-relations systems exactly as they are." Id. at 2485 n.27. The Supreme Court in Janus also stated that agency fee provisions in collective bargaining agreements are unenforceable but that the rest of the collective bargaining agreement should remain intact as long as it has a severability clause. Id. at 2485.

In response to Janus, the School District has ceased the collection of agency fees from non-consenting non-union member public employees, like VanOstrand in this case, and collection of such fees will not be reinstated in light of the Supreme Court's decision therein. Howard Aff. at 2-3, ¶9. Furthermore, the School District only deducts union dues upon receipt of affirmative consent from the School District employee. Id. at 3, ¶10.

## ARGUMENT

The School District is entitled to dismissal of any cause of action asserted against it because Plaintiffs' claims are moot, Plaintiffs lack standing, Plaintiffs' Complaint fails to state a cause of action against the School District for which relief can be granted, and the Plaintiffs have failed to join necessary and required parties.

The claims in ¶¶ 45(c), (d), (e), (f), (j), (k), (l), and (m) of the Complaint should be dismissed for lack of subject matter jurisdiction because the claims are moot as a result of the Supreme Court's decision in Janus. The School District's collection of agency fees have ceased as a result of Janus and therefore, the Complaint must be dismissed because there is no live case

4

or controversy and the Plaintiffs' alleged injuries cannot be redressed by a favorable judicial decision since the matter has already been resolved by <u>Janus</u>. Additionally, Plaintiff Pellegrino's claim, that he was compelled to join the union because if he did not join he would have been forced to pay agency fees, has also been resolved because he is no longer faced with the alleged choice of paying either agency fees or union dues since agency fees are no longer mandatory. Furthermore, it cannot reasonably be expected that the deduction of agency fees will recur since doing so would be unconstitutional and in direct violation of the Supreme Court's decision.

Plaintiffs' claims in ¶¶45(e), (n), and (q) of the Complaint must also be dismissed against the School District because the Plaintiffs no longer have any injury-in-fact or redressable claim and therefore, lack standing to challenge the constitutionality of New York Civil Service Law Sections 208(1)(b)(i), 208(3)(a), 208(3)(b), and 208(4)(a). The Plaintiffs lack standing for both injunctive and declaratory relief because the Plaintiffs are unable to establish a causal connection between their injury and the purported challenged action of the District because the District was simply acting in accordance with state law at the time and has ceased the deduction of agency fees once the Supreme Court deemed such fees unconstitutional.

Plaintiffs' claims asserted in ¶¶45(l), (n), (o), (p), (q), and (r) directly against the School District, must be dismissed for failure to state a claim for which relief can be granted because the Complaint lacks sufficient detail to set forth any plausible claim. Plaintiffs' claims against the School District fail as a matter of law because the Complaint merely asserts conclusory allegations and does not plead enough factual content to allow the court to draw a reasonable inference that the District is liable for unconstitutionally deducting fees when the District was simply complying with the state law and controlling Supreme Court precedent at the time. Moreover, the Complaint does not contain any factual allegations connecting the District to any

of the events described in the Complaint, other than merely attaching a collective bargaining agreement that contains agency fee provisions.

Lastly, the Complaint must be dismissed in its entirety for failure to join VanOstrand's union or employer as required and indispensable parties. As a result, complete relief cannot be accorded among the parties to this action. The declaratory judgments and monetary damages sought by Plaintiffs also place an affirmative obligation on the parties not joined in this action because VanOstrand's employer and union are the parties responsible for paying the damages sought and are also the parties that would have an affirmative obligation to comply with the relevant statutes and collective bargaining agreements.

Accordingly, an application of the standards under Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure warrants dismissal of the Complaint as and against the School District.

## I. THE PLAINTIFFS' CLAIMS AGAINST THE SCHOOL DISTRICT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE NO JUSTICIABLE CONTROVERSY REMAINS

First and foremost, the School District is entitled to dismissal of Plaintiffs' claims in ¶¶ 45(c), (d), (e), (f), (j), (k), (l), and (m) for lack of subject matter jurisdiction over such claims because they are moot as a result of the Supreme Court's decision in Janus. Plaintiffs' demands for declarations of the law and injunctive relief are moot because they were resolved by the Supreme Court in Janus. There is no justification, here, to have this Court utilize resources and time to simply reiterate that holding. Furthermore, it cannot reasonably be expected that the deduction of agency fees will recur because doing so would be unconstitutional.

**A. The Collection of Agency Fees Have Ended As a Result of <u>Janus</u> and Therefore the Complaint Must be Dismissed Because There is No Live Case or Controversy**

All federal actions, including declaratory judgment and injunctive relief actions, "are subject to the case-or-controversy requirement of Article III of the United States Constitution." <u>Ford v. Reynolds</u>, 326 F. Supp. 2d 392, 404 (E.D.N.Y. 2004); <u>see also</u> <u>U.S. Parole Comm'n v. Gregory</u>, 445 U.S. 388, 395 (1980). Article III of the Constitution requires an actual, live controversy between the parties throughout the life of the lawsuit in order for a federal court to have subject matter jurisdiction. U.S. CONST. art. III, § 2, cl. 1; <u>Genesis Healthcare Corp. v. Symczyk</u>, 569 U.S. 66, 71 (2013); <u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 472, 477–78 (1990); <u>Fox v. Bd. of Trs. of State Univ. of N.Y.</u>, 42 F.3d 135, 140 (2d Cir. 1994). When a live controversy no longer exists between the parties, including where intervening circumstances have removed the basis or need for relief, a federal court must dismiss a case for lack of subject matter jurisdiction because the case is moot. <u>Beechwood Restorative Care Ctr. v. Thompson</u>, 494 F. Supp. 2d 181, 187 (W.D.N.Y. 2007); <u>Calderon v. Moore</u>, 518 U.S. 149, 150 (1996); <u>Genesis</u>, 569 U.S. at 72; FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In other words, a case becomes moot when the issues presented are no longer live, meaning when a plaintiff no longer suffers actual injury that can be "redressed by a favorable judicial decision." <u>Lewis</u>, 494 U.S. at 477–78; <u>Ford</u>, 326 F. Supp. 2d at 405 (citing <u>Cnty. of L.A. v. Davis</u>, 440 U.S. 625, 631 (1979)).

It is well-settled law that moot claims should not be repeated, especially since there is no justification for taking the time of the court. See <u>Doyle v. Midland Credit Mgmt.</u>, 722 F.3d 78, 80 (2d Cir. 2013). Furthermore, federal courts have routinely deemed cases moot where intervening changes in the applicable case law resolves the parties' dispute. <u>See, e.g.</u>, <u>Aikens v.</u>

Cal., 406 U.S. 813, 814 (1972); see also Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) (finding that a case is rendered moot when intervening events after the filing of a lawsuit end the plaintiff's injury and prevent a court from ordering relief).

On June 27, 2018, the United States Supreme Court's decision in Janus held that the mandatory payment of agency fees for public employees are unconstitutional and that non-union members must affirmatively consent to pay any fees to a union. 138 S.Ct. at 2486. Agency fees have ended entirely since the Supreme Court has declared such fees unconstitutional. As a result of the Supreme Court's decision in Janus and the intervening change in applicable case law, Plaintiffs' claims for declaratory relief are moot because there is no longer any "actual controversy" about Plaintiffs' "particular legal rights." 28 U.S.C. §2201(a); Wang v. Societe du Figaro S.A., No. 15 CIV. 9376 (PAE), 2018 WL 3122055, at *4 (S.D.N.Y. June 26, 2018). Additionally, any alleged injury cannot be redressed by a favorable decision because such injury has already been resolved by Janus and because the School District has ceased deducting agency fees from nonmembers' paychecks. Howard Aff. at 2-3, ¶9. Therefore, the Plaintiffs, especially Plaintiff VanOstrand, have already received the desired relief sought and thus, the Complaint should be dismissed. See Jarvis v. Cuomo, No. 5:14-cv-1459(LEK/TWD), 2016 WL 278934, at *4-5 (N.D.N.Y Jan. 21, 2016) (dismissing claims for repayment of agency fees as moot because deduction of agency fees had ceased following change in the law).

Furthermore, Plaintiff Pellegrino's argument, that he was compelled to join the union because if he did not join he would have been forced to pay agency fees, is negated due to Janus and should be dismissed in its entirety. Such argument is eliminated because he is no longer faced with the alleged Hobson's choice of paying either agency fees or union dues since agency fees are no longer mandatory and he would not be required to pay such fees if he leaves the

union.

Therefore, as a result of <u>Janus</u>, any relief Plaintiffs could now obtain from the School District based on their claims in the Complaint, especially their challenges to Section 208(3)(b) of New York Civil Service Law, would only be retrospective in nature. However, retrospective monetary relief cannot be obtained from the School District because Plaintiff VanOstrand has failed to join her school district as a party to this action and Plaintiff Pellegrino has never had to pay agency fees since he did not attempt to withdraw from the union until after the <u>Janus</u> decision was rendered. Howard Aff. at 3, ¶11. Furthermore, Mr. Pellegrino voluntarily contracted to join the union and consented to the payment of union dues when he signed a union dues authorization card. First Amendment rights do not trump obligations and promises voluntarily and knowingly assumed in a contract. <u>Fisk v. Inslee</u>, No. C16-5889RBL, 2017 WL 4619223 at *5 (W.D. Wash. Oct. 16, 2017). Both of these arguments are discussed more fully below in Sections III(B) and IV, *infra*.

> **B. The "Voluntary Cessation" Exception to Mootness Does Not Apply to Plaintiffs' Challenges Because the Challenged Conduct Cannot Reasonably Be Expected to Recur**

As stated above, "a case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." <u>Knox v. Serv. Emps. Int'l Union, Local 1000</u>, 567 U.S. 298, 307 (2012) (internal citation omitted) (internal quotation marks omitted). The voluntary cessation of challenged conduct will not render a case moot "because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." <u>Id</u>. In other words, this "voluntary cessation" exception to mootness only applies when a defendant ceases its conduct *because of* the litigation – not for other reasons. However, the voluntary cessation exception to mootness can be overcome if "(1) it can be said

with assurance that there is no reasonable expectation that the alleged violation will recur" and "(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Cty. of L.A., 440 U.S. at 631 (alteration omitted) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)) (internal quotation marks omitted). Additionally, when laws and governmental actions in relation thereto are challenged, the Supreme Court has held that cessation of the challenged behavior moots the lawsuit because government officials are presumed to follow the law and act in good faith. Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982); see also Lewis, 494 U.S. 472.

First, due to the Janus decision, agency fees have ended entirely since the Supreme Court has declared such fees unconstitutional without a non-union member's affirmative consent. Janus, 138 S.Ct. at 2486. Therefore, the School District's conduct, i.e., cessation of the collection of agency fees, was not mere voluntary cessation because this change in conduct occurred as a result of Janus not Plaintiffs' lawsuit.

Second, the voluntary cessation exception does not apply in this case because the School District meets both of the prongs stated above. The first prong is met because the Plaintiffs are not presently required to pay agency fees, and there is no realistic possibility that any of the Plaintiffs will be required to do so in the future because of Janus since requiring payment of such fees would be unconstitutional. Howard Aff. at 2, ¶9; see Danielson v. Am. Fed'n of State, Cty., & Mun. Emps., Council 28, AFL-CIO, No. 3:18-cv-05206-RJB, 2018 WL 6520729, at *1 (W.D. Wash. Nov. 28, 2018) (finding the case to be moot because the State and Union Defendants ceased collecting agency fees, and the Defendants "could not reasonably be expected to equivocate or reverse course as to the agency fees, [therefore] there was no case or controversy against the State [and the Union].."); see also Danielson v. Inslee, No. 3:18-CV-05206-RJB, 2018

WL 3917937, at *3 (W.D. Wash. Aug. 16, 2018) (dismissing the case as moot where the State defendants' voluntarily ceased the collection of agency fees due to Janus and, even though the applicable state statutes had not been changed, the collection of agency fees could not reasonably be expected to recur); see also Yohn v. Cal. Teachers Ass'n, No. SACV 17-202-JLS-DFM, 2018 WL 5264076, at *3 (C.D. Cal. Sept. 28, 2018). Furthermore, it is unlikely and could not reasonably be expected that the alleged wrongful behavior will recur because the District was acting in good faith by following New York State law and controlling Supreme Court precedent when it collected agency fees before Janus was decided. See Jarvis, 2016 WL 278934, at *5 (dismissing First Amendment claims for repayment of agency fees because the union "acted in good faith when relying on the validly enacted state legislation … as well as prior Supreme Court precedent."). Now that the law has changed due to Janus, there is no expectation that the School District will deduct agency fees in the future because doing so would be in direct violation of the Supreme Court's decision.

As for the second prong, when the Supreme Court overruled its prior precedent, the District immediately acknowledged and followed the change in the law by immediately stopping the collection of agency fees. Howard Aff. at 2, ¶9. The intervening change in the applicable case law has completely eradicated the effects of the alleged violation because the collection of agency fees ended after Janus, and it is extremely unlikely that the District will require Plaintiffs to pay agency fees in the future because to do so would be in violation of the law. Additionally, as stated above, Plaintiff Pellegrino's claim, that he was compelled to join the union because if he did not join he would have been forced to pay agency fees, is eliminated due to the intervening change in the applicable law in the Janus decision and should be dismissed in its entirety. The Janus decision also moots the majority, if not all, of Plaintiff VanOstrand's claims

because there is no reasonable expectation that the collection of agency fees will be reinstated in light of Janus.

Furthermore, with respect to the Plaintiffs' claims regarding agency fee provisions in collective bargaining agreements, these claims are also moot because the Supreme Court in Janus stated that such provisions are invalidated and unenforceable as they are unconstitutional. Janus, 138 S.Ct. at 2485. It cannot reasonably be expected that the School District will enforce such provisions because they are unconstitutional.

Based upon the foregoing, a justiciable controversy no longer remains and the claims asserted against the School District must be dismissed for lack of subject matter jurisdiction.

## II. PLAINTIFFS LACK STANDING TO BRING THIS ACTION AND THEREFORE THEIR CLAIMS AGAINST THE SCHOOL DISTRICT MUST BE DISMISSED

Plaintiffs' claims against the School District must be dismissed because the Plaintiffs lack standing to challenge the constitutionality of New York Civil Service Law Sections 208(1)(b)(i), 208(3)(a), 208(3)(b), and 208(4)(a) since they no longer have any injury-in-fact or redressable claim. See Exhibit A at 11-12, ¶45(e), (n), (q).

The requirements for Article III standing are as follows: "(1) the plaintiff [must] have suffered an 'injury in fact' – an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a *causal connection between the injury and the conduct complained of - the injury must be fairly traceable to the challenged action of the defendant*, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the *injury will be redressed by a favorable decision*." Bennett v. Spear, 520 U.S. 154, 167 (1997) (internal citations omitted) (emphasis added). In addition to the above requirements, a plaintiff seeking declaratory and/or injunctive relief establishes standing by "(1)

identifying a specific injury he or she has suffered and (2) demonstrating a likelihood that he or she will be similarly injured in the future." Ford, 326 F. Supp. 2d at 404-05 (citing Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the requirement but must show a likelihood that he or she will be injured in the future.")); see also McCormick v. Sch. Dist. of Mamaroneck, 370 F.3d 275, 284 (2d Cir. 2004); see also Riley v. Cuomo, No. 2:17-cv-01631(ADS)(AYS), 2018 WL 1832929, at *5 (E.D.N.Y. Apr. 16, 2018).

The Plaintiffs lack standing for both injunctive and declaratory relief because the Plaintiffs cannot demonstrate a likelihood of future injury as a result of the School District's continued conduct because such conduct has ceased and is highly unlikely to recur as a result of the Janus decision. Howard Aff. at 2, ¶9. Additionally, Plaintiffs are unable to establish a causal connection between their injury and the purported challenged action of the District because the District was simply acting in accordance with state law at the time and has ceased the deduction of agency fees once the Supreme Court deemed such fees unconstitutional. Id. at 2, ¶¶7, 9. Furthermore, the alleged injury is the result of the New York State Legislature's independent action of promulgating and enforcing the relevant provisions of New York's Civil Service Law, which is a third party that is not before this Court.

More specifically, with regard to Section 208(1)(b)(i) of New York Civil Service Law, the Complaint does not state how Mr. Pellegrino has been injured as result of his attempts to leave his union. See generally Exhibit A. Additionally, as stated above, both Plaintiffs' lack standing to challenge Section 208(3)(a) because they are not State employees, rather they are public school teachers. N.Y. CIV. SERV. LAW § 208(3)(a) (McKinney 2018). Furthermore, Plaintiff VanOstrand lacks standing to challenge Section 208(3)(b), as she no longer has any

redressable claims. Plaintiff Pellegrino also lacks standing because he suffered no injury at the time the Complaint was filed because he never had to pay agency fees since he was a member of the union and therefore, he affirmatively consented to the collection of union dues when he signed a dues authorization card. Such affirmative consent is the type of consent required by the Supreme Court in <u>Janus</u>, and as such Pellegrino has no further claim to relief. <u>Janus,</u> 138 S.Ct. at 2486. As for Section 208(4)(a) which involves disclosure of any employee's information to a union, the Complaint fails to plead facts alleging that either Plaintiff's employment has changed or that their personal information has been disclosed to a union. <u>See id.</u>; N.Y. Civ. Serv. Law § 208(4)(a) (McKinney 2018).

For those reasons, the Plaintiffs' claims against the School District must be dismissed.

## III. PLAINTIFFS' CLAIMS AGAINST THE SCHOOL DISTRICT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Notwithstanding the jurisdictional defects identified <u>supra</u>, the Complaint in its entirety, and in particular, the claims asserted in ¶¶45(l), (n), (o), (p), (q), and (r) directly against the School District, must be dismissed for failure to state a claim for which relief can be granted. Plaintiffs' claims against the School District fail as a matter of law because the Complaint merely asserts conclusory allegations and therefore lacks sufficient detail to set forth any plausible claim. Furthermore, the Plaintiffs' have not stated any cognizable claim against the School District because the School District is simply an intermediary party that was complying with state law, and therefore, must be dismissed.

**A. Plaintiffs' Claims Against the School District Fail as a Matter of Law Because the Complaint Lacks Sufficient Facts to Set Forth Any Plausible Claim for Relief**

Plaintiffs' Complaint must be dismissed because it lacks sufficient factual content to set forth any plausible claims for relief against the School District and simply recites conclusory allegations and legal arguments.

In deciding a motion to dismiss, pursuant to Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts are instructed to accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

Despite the fact that all reasonable inferences are to be drawn in favor of the plaintiff-non-movant, a plaintiff is still required to state a right to relief in his or her complaint:

> [A] Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting Bell Atl. Corp., 550 U.S. at 545) (footnote omitted); see generally Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007). Furthermore, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on

15

a motion to dismiss." <u>Hirsch v. Arthur Andersen & Co.</u>, 72 F.3d 1085, 1092 (2d Cir.1995) (<u>citing</u> <u>Am. Express Co. S'holder Litig.v. Robinson</u>, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)); <u>see also</u> <u>Burnette v. Carothers</u>, 192 F.3d 52, 56 (2d Cir. 1999), <u>cert. denied</u>, 531 U.S. 1052 (2000).

Additionally, a complaint must "plead enough facts to state a claim that is plausible on its face." <u>Ruotolo v. City of N.Y.</u>, 514 F.3d 184, 188 (2d Cir. 2008) (citations omitted) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Hidalgo v. Johnson & Johnson Consumer Cos., Inc.</u>, 148 F. Supp. 3d 285, 293 (S.D.N.Y. 2015) (internal quotations and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Ashcroft</u>, 556 U.S. at 678 (internal quotations and citations omitted).

Plaintiffs' Complaint merely asserts conclusory allegations and does not plead enough factual content to allow the court to draw a reasonable inference that the District is liable for unconstitutionally deducting agency fees when they were simply complying with state law at the time. Aside from attaching the relevant collective bargaining agreement which contains the unconstitutional agency shop provision, Plaintiffs do not recite any factual allegations proving that the School District enforced such provisions by deducting agency fees from nonmembers' paychecks. There are no factual allegations connecting the School District to any of the events described in the Complaint, or establishing that the School District has any authority or

obligation to enforce specific sections of the New York Civil Service Law at issue. The School

District does not create or enforce the law, rather, it simply follows it.

The Plaintiff has failed to state causes of action in that Plaintiff failed to meet the

plausibility threshold as set forth in Twombly/Iqbal.  For these reasons, the Causes of Action in

the Complaint should be dismissed.

### B. Plaintiffs' Claims Against the School District Must be Dismissed Because the Plaintiffs Have Not Made a Cognizable Claim Against the School District

In addition to not stating sufficient factual content, the Complaint must also be dismissed

and in particular, the causes of action asserted in ¶¶45(l), (n), (o), (p), (q), and (r) against the

School District, for failure to state a cognizable claim against the School District. The Complaint

adds the School District as a party but does not lodge a single viable claim against it because the

Complaint fails to establish that Sections 208(1)(b)(i) and 208(4)(a) are unconstitutional.

### 1. Plaintiffs have Failed to Establish that New York Civil Service Law Section 208(1)(b)(i) is Unconstitutional Because the First Amendment Does Not Provide a Right to Renege on Contractual Obligations

First, the Complaint in ¶¶45(l), (q), (r) fails to state a claim that New York Civil Service

Law Section 208(1)(b)(i), which permits unions and employees to contract regarding the terms of

membership and commitment to pay membership dues, is unconstitutional because membership

cards are valid contracts, the terms of which must be performed once entered into. N.Y. CIV.

SERV. LAW § 208(1)(b)(i) (McKinney 2018).

It has been well established that a union dues/membership authorization card is a contract

between two private parties (employees and the union), which may be revoked at specific

periods of time pursuant to the terms of the contract. Fisk, 2017 WL 4619223, at *4-5; Ballas v.

McKiernan, 341 N.Y.S.2d 520, 522 (2d Dep't 1973) ("A union's constitution and by-laws

constitute a contract between the union and its members."). First Amendment rights, including

freedom of speech and freedom of association, do no permit a person to disregard contractual obligations that are otherwise enforceable under law. Fisk, 2017 WL 4619223, at *5 (holding that "freedom of speech and freedom of association do not trump obligations and promises voluntarily and knowingly assumed" in a contract); Cohen v. Cowles Media Co., 501 U.S. 663, 672 (1991) ("[T]he First Amendment does not confer … a constitutional right to disregard promises that would otherwise be enforced under state law.")

When Plaintiff Pellegrino signed a dues deduction card, he voluntarily contracted to join the union and pay dues. Mr. Pellegrino admits that he chose to join the union because the monetary difference between union dues and agency fees was not worth losing his vote and the influence he may have had in collective bargaining. Exhibit A at 4, ¶13. Although Mr. Pellegrino does not agree with his union's activities, his claims are without merit because he voluntarily joined the union when he consented to the deduction of dues from his wages. Id.  Plaintiffs' claims for injunctive relief stated in ¶45(l) of the Complaint fail for the same reason because Mr. Pellegrino valued the ability to vote and exercise influence on the union's activities and as a result, he voluntarily joined the union. Id. However, Mr. Pellegrino's potential loss of influence is not constitutionally protected and therefore must be dismissed for failure to state a claim.

### 2. *Plaintiffs' Have Also Failed to State a Claim that Section 208(4)(a) is Unconstitutional*

The Complaint also fails to state a claim that New York Civil Service Law Section 208(4)(a), which requires public employers to provide contact information for new employees to the union within thirty (30) days of the employee's hire date or promotion into a new bargaining unit and to allow a reasonable amount of time for the union to meet with such employee during work hours, is unconstitutional. See Exhibit A at 13-14 ¶¶45(n), (o), (p); N.Y. Civ. Serv. Law § 208(4)(a).

The Second Circuit in <u>Jarvis v. Cuomo</u>, 660 Fed. Appx. 72 (2016), held that the plaintiffs' First Amendment challenge failed because "a state law which requires public employers to 'meet and confer' with a bargaining unit's exclusive representative d[oes] not infringe the First Amendment rights of nonunion unit members.'" 660 Fed. Appx. 72, 74 (2016) (citing <u>Minn. State Bd. For Comm. Colleges v. Knight</u>, 465 U.S. 271, 288-89 (1984)). The Second Circuit reasoned that unit members are not required to become union members, and that "any resulting pressure to join the union is no different from the pressure to join a majority party that persons in the minority always feel, which is inherent in our system of government," and thus is "not an unconstitutional inhibition on associational freedom." <u>Id</u>. (internal citation omitted) (internal quotation marks omitted).

Here, like in <u>Jarvis</u>, the Plaintiffs were not required or pressured to become union members nor will future employees be required or pressured to become union members. Plaintiffs' challenge to Section 208(4)(a) is similar to the challenge in <u>Jarvis</u> and therefore should be dismissed because Section 208(4)(a) does not infringe on nonunion unit members' First Amendment rights.

### 3. Lastly, Plaintiffs' Have Failed to State a Claim For Repayment of Agency Fees and Compensatory Damages Against the School District

The Complaint fails to state a claim against the School District for repayment of agency fees and compensatory damages in an amount equal to agency fees for union members because it simply demands such relief from the NYSUT and its affiliates. Exhibit A at 12, ¶¶45(g), (h). Even though not stated in the Complaint, Plaintiffs claim in their reply letter dated August 27, 2018, that the School District is "jointly and severally liable for any monetary judgment that might be imposed on account of this unconstitutional agency shop." Exhibit D at 2. However, Plaintiffs do not plead that the District is jointly and severally liable in the Complaint nor do they

request compensatory damages from the District within the Demand for Relief Section of the Complaint. See generally Exhibit A.

Furthermore, Plaintiffs cannot receive any retroactive relief from the District because all monies collected by the District pursuant to law and the teachers' collective bargaining agreement were transmitted to the union. Howard Aff. at 2, ¶8.  The School District is "merely the statutory agent for the deduction and transmittal of [union dues and agency fees], thereby ensuring both payment by the employees and receipt of the monies by the union representative." Civil Serv. Emps. Ass'n, Inc., Local 1000, AFSCME, AFL-CIO, Rensselaer Cnty. Local 842, City of Troy Unit 8251, 28 PERB ¶ 3027 (1995). The School District cannot be liable because the District is not in possession of any of the monies that were withdrawn from District employees' paychecks since it has been transferred to the union. Additionally, the School District cannot be required to pay any monies when the duty and responsibility to pay lies with the Union Defendants. See id. (holding that a statutory duty or responsibility to repay union dues or agency fees cannot be created against an employer when such duty has been lodged elsewhere by the Legislature).

Moreover, damages cannot be awarded against the District for violation of Section 1983 because its actions were taken in good faith and were based on a presumptively constitutional statute. See Wyatt v. Cole, 504 U.S. 158, 174 (1992) (Kennedy J., concurring) ("[A] private individual's reliance on a statute, prior to a judicial determination of unconstitutionality, is considered reasonable as a matter of law."). The Second Circuit has held that "'it is objectively reasonable to act on the basis of a statute not yet held invalid.'" Jarvis, 2016 WL 278934, at *5 (dismissing claims for repayment of agency fees as moot because deduction of agency fees had ceased following change in the law) (internal citation omitted).  Therefore, the School District

cannot be liable for damages based on the collection of agency fees because it was relying on a validly enacted state statute and prior Supreme Court precedent.

## IV. PLAINTIFFS HAVE FAILED TO JOIN NECESSARY AND INDISPENSABLE PARTIES AND THEREFORE THE COMPLAINT MUST BE DISMISSED

The Complaint must be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(7) and Federal Rule of Civil Procedure 19 for failure to join required and necessary parties. Specifically, Plaintiffs have failed to join VanOstrand's union or employer as parties to this action and as a result complete relief cannot be accorded among the parties to this action.

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a court may dismiss a claim for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7).  A party is considered a "required" or "necessary" party if "in that person's absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A).  The purpose of the compulsory joinder rules is to avoid the prejudice, multiple litigation and inconsistent judgments that may attend the failure to join necessary parties and the failure to join a necessary party is a ground for dismissal of an action. McFadden v. Grand Union, 154 F.R.D. 61, 63 (S.D.N.Y. 1994); FED. R. CIV. P. 12(b)(7).  Furthermore, "[c]ourts are most likely to rule that complete relief may not be accorded among the parties present in circumstances where the absent party plays a significant role in the provision of some form of injunctive relief." Edward B. Beharry & Co. v. Bedessee Imports Inc., No. 09-CV-77 (DLI) (JMA), 2013 WL 12363612, at *3 (E.D.N.Y. June 24, 2013) (internal citations omitted) (internal quotation marks omitted).

Plaintiff VanOstrand's union and employer are both necessary parties to this action because complete relief cannot be accorded to VanOstrand without their joinder. The Complaint seeks retroactive and prospective relief from every school district in New York State and every

local affiliate of NYSUT. Exhibit A at 11-12, ¶¶45(e), (f), (g), (h), (i), (j). VanOstrand's union and employer play a significant role in providing the injunctive relief sought by Plaintiffs. More specifically, VanOstrand's union and employer are the parties that would be responsible for ceasing the deduction of agency fees, for not entering into future collective bargaining agreements which contain unconstitutional provisions related to agency fees and union dues, for not enforcing such provisions in a collective bargaining agreement, to refrain from disclosing employees' personal information to NYSUT and other unions, and to refrain from enforcing union dues authorization cards.

Furthermore, the declaratory judgments and monetary damages sought by Plaintiffs also place an affirmative obligation on the parties not joined in this action because VanOstrand's employer and union are the parties responsible for paying the damages sought and are also the parties that would have an affirmative obligation to comply with the relevant statutes and collective bargaining agreements.

Therefore, based on the foregoing, the Plaintiffs' Complaint must be dismissed for failure to join necessary and indispensable parties.

## **CONCLUSION**

Based on the foregoing, the School District respectfully requests that this Court grant the School District's Rule 12(b) Motion to Dismiss the Complaint as to the School District in its entirety, with costs, and grant the School District attorneys' fees based on the meritless allegations in Plaintiffs' Complaint as against the School District, and grant such further additional relief that the Court deems to be just and proper.

Dated:        Hauppauge, New York
              January 21, 2019

                              Yours, etc.

                              INGERMAN SMITH, L.L.P.
                              *Attorneys for the Defendant*
                              *Northport-East Northport*
                              *Union Free School District*


                              By:  */S/John H. Gross*
                              JOHN H. GROSS, ESQ. (JG 4155)
                              150 Motor Parkway, Suite 400
                              Hauppauge, New York 11788
                              (631) 261-8834

23