UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| **Scott Pellegrino**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **New York State United Teachers**, et al., <br><br> Defendants. | Case No. 2:18-cv-03439-JMA-GRB <br><br><br> **Plaintiffs' Response to the School District's Motion to Dismiss** |

Paul Niehaus
Kirsch & Niehaus
150 East 58th Street
22nd Floor
New York, New York 10155
(212) 631-0223
paul.niehaus@kirschniehaus.com

Jonathan F. Mitchell*
Mitchell Law PLLC
106 East Sixth Street
Suite 900
Austin, Texas 78701
(512) 686-3940
jonathan@mitchell.law

* admitted *pro hac vice*

*Counsel for Plaintiffs and
the Proposed Classes*

The plaintiffs agree that the claims against the school district should be dismissed. Although the plaintiffs had standing to seek prospective relief against the school district's enforcement of agency shops at the time the complaint was filed, the courts have uniformly held that claims of that sort became moot after *Janus*. *See* Union Defs.' Mot. to Dismiss at 10 (collecting authorities). The plaintiffs no longer wish to pursue injunctive relief against the enforcement of agency shops given the holdings of these cases. We therefore consent to the dismissal of the claims made in ¶¶ 45(c), (d), (e), (f), (j), (k), (l), and (m) for lack of subject-matter jurisdiction.

The plaintiffs also acknowledge that their constitutional challenge to N.Y. Civ. Serv. L. § 208(1)(b)(i) became moot upon Mr. Pellegrino's resignation from union membership, and that they lack standing to challenge N.Y. Civ. Serv. L. § 208(4)(a) because the union already has Mr. Pellegrino and Ms. VanOstrand's home addresses. These claims against the school district should likewise be dismissed for lack of subject-matter jurisdiction.

The only remaining disputes in this case involve the plaintiffs' efforts to recover the compelled subsidies that they were forced to pay to the NYSUT and its affiliates in violation of their constitutional rights. That dispute is solely between the between the plaintiffs and the union defendants, as the plaintiffs are not seeking any monetary relief from the school district.

Finally, the school district is mistaken to contend that the case should be dismissed for a failure to join necessary parties. The school district claims that the plaintiffs should have included Ms. VanOstrand's employer and local union as defendants in this litigation. But the plaintiffs sued the United Teachers of Northport "as representative of the class of all chapters and affiliates of New York State United Teachers." *See* Complaint at ¶ 7 ("Defendant United Teachers of Northport is a local union chapter affiliated with the NYSUT. It is sued as representative of the class of all chapters and affiliates of the NYSUT."). They also sued the Northport-East Northport

Union Free School District as "representative of the class of all school districts in the state of New York."). See Complaint at ¶ 8 ("Northport-East Northport Union Free School District is a school district in Suffolk County, New York. . . . It is sued as representative of the class of all school districts in the state of New York."). Ms. VanOstrand's local union is affiliated with NYSUT, so it falls within the class definition. Of course, the defendant class has not yet been certified, but the federal joinder rules make clear that they are "subject to Rule 23" and that class actions present an "exception" to the ordinary rules of joinder. *See* Fed. R. Civ. P. 19(d).

## CONCLUSION

The school district's motion to dismiss should be granted, and the claims against the school district should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted.

 /s/ Jonathan F. Mitchell 

| | |
|---|---|
| Paul Niehaus | Jonathan F. Mitchell* |
| Kirsch & Niehaus | Mitchell Law PLLC |
| 150 East 58th Street | 106 East Sixth Street |
| 22nd Floor | Suite 900 |
| New York, New York 10155 | Austin, Texas 78701 |
| (212) 631-0223 | (512) 686-3940 |
| paul.niehaus@kirschniehaus.com | jonathan@mitchell.law |

\* admitted *pro hac vice*

*Counsel for Plaintiffs and the Proposed Classes*

Dated: April 23, 2019

## CERTIFICATE OF SERVICE

I certify that on April 23, 2019, I served this document by e-mail upon:

CHARLES G. MOERDLER
ALAN M. KLINGER
DINA KOLKER
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038
(212) 806-5400
cmoerdler@stroock.com
aklinger@stroock.com
dkolker@stroock.com

ROBERT T. REILLY
MICHAEL J. DEL PIANO
EDWARD J. GREENE JR.
ANDREA A. WANNER
52 Broadway, 9th Floor
New York, New York 10004
(212) 228-3382
mdelpian@nysutmail.org
egreene@nysutmail.org
awanner@nysutmail.org

*Counsel for Union Defendants*

ROBERT E. MORELLI
Assistant Attorney General
300 Motor Parkway, Suite 230
Hauppauge, New York 11788
robert.morelli@ag.ny.gov

*Counsel for State Defendants*

JOHN H. GROSS
Ingerman Smith, L.L.P.
150 Motor Parkway, Suite 400
Hauppauge, New York 11788
(631) 261-8834
jgross@ingermansmith.com

*Counsel for School District Defendants*

    /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL*
*Counsel for Plaintiffs and
the Proposed Classes*