UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
SCOTT PELLEGRINO, on behalf of himself and all :
others similarly situated; and CHRISTINE :
VANOSTRAND, on behalf of herself and all others :
similarly situated, :
                              Plaintiffs, : Civ. Action No. 18-cv-03439
: (JMA)(GRB)
                  -against- :
:
NEW YORK STATE UNITED TEACHERS; : DECLARATION JEFFREY
UNITED TEACHERS OF NORTHPORT, as : J. LOCKWOOD IN SUPPORT
representative of the class of all chapters and : OF UNION DEFENDANTS'
affiliates of New York State United Teachers; : MOTION TO DISMISS THE
NORTHPORT-EAST NORTHPORT UNION FREE : COMPLAINT
SCHOOL DISTRICT, as representative of the class :
of all school districts in the state of New York; :
ANDREW CUOMO, in his official capacity as :
Governor of New York; BARBARA :
UNDERWOOD, in her official capacity as Attorney :
General of New York; JOHN WIRENIUS, in his :
official capacity as chair of the New York Public :
Employment Relations Board; ROBERT HITE, in his :
official capacity as member of the New York Public :
Employment Relations Board, :
                              Defendants. :
:
------------------------------------------------------------------ X

        JEFFREY J. LOCKWOOD, pursuant to 28 U.S.C. § 1746, declares as follows:

        1.     I am over eighteen and competent to testify on the matters set forth herein. I submit this declaration in support of the motion of New York State United Teachers ("NYSUT") and United Teachers of Northport ("UTN") to dismiss the Complaint filed by Plaintiffs Scott Pellegrino and Christine VanOstrand.

        2.     I have worked for NYSUT for approximately 18 years. Since January 2016, I have been NYSUT's Director of Finance. Prior to that, I was NYSUT's Manager of Accounting for 11 years.

1

3. As Director of Finance, my primary responsibility is to manage NYSUT's finances, including financial planning, budgeting, management of financial risks, record-keeping, and financial reporting.

4. I have access to the records NYSUT maintains in the ordinary course of business, which I reviewed, as necessary, in preparing this declaration.

5. NYSUT is an unincorporated association and statewide federation of 1,341 local affiliate unions. As of April 30, 2018, NYSUT's local affiliates were the exclusive bargaining representatives for approximately 450,000 public and private sector professionals in schools, higher education, and health care institutions in New York. The members of the local affiliate unions are NYSUT members. In addition, NYSUT has approximately 220,000 retired members.

6. NYSUT's objectives include, among other things, to promote the best interests of schools, higher education, and health care institutions of the state; identify and promote practices and strategies that enhance student achievement in safe and supportive learning environments; to promote the economic, personal, and occupational well-being and welfare of its members; and to expose and fight all forms of racism and discrimination.

7. NYSUT's relationship with its local affiliate unions is contractual and governed by NYSUT's Constitution and Bylaws.

8. On behalf of its members, NYSUT provides its local affiliate unions with a spectrum of services and benefits, including advice, guidance, and support for collective bargaining and compliance with various federal, state and local laws and regulations.

9. NYSUT is not an employee organization or the certified or recognized representative for any public employee within the meaning of the N.Y. Public Employees Fair Employment Act, N.Y. Civ. Serv. Law §§ 200, et seq. ("Taylor Law").

10. Further, NYSUT does not have a collective bargaining relationship, nor is it a party to any collective bargaining agreement with any public employer.

11. Prior to Janus v. AFSCME Council 31, 138 S. Ct. 2448 (2018), the Taylor Law provided that every employee organization that was recognized or certified as the exclusive representative of employees within a negotiating unit was entitled to deduction and transmission of fair share fees (sometimes referred to as "agency fees") from nonmembers if the employee organization established and maintained a procedure to refund any part of the fair share fees which represented the nonmember's pro rata share of expenditures in aid of activities of a political or ideological nature only incidentally related to terms and conditions of employment.

12. Before Janus, some NYSUT local affiliate unions had nonmembers who paid agency fees.

13. Since NYSUT is not a certified or recognized employee organization under the Taylor Law, it was not entitled to receive agency fees from any public employer.

14. Based on Janus, NYSUT concluded that the Taylor Law provisions that permitted fair share fees were no longer constitutional and that nonmembers could not be forced to pay fair share fees to local affiliates without prior written consent.

15. After Janus, NYSUT took steps to notify its local affiliates and their respective public employers about Janus and to advise them to cease fair share fee deduction from nonmembers' paychecks.

16. On June 27, 2018, the day the Supreme Court issued Janus, NYSUT, on behalf of its local affiliates, sent notice to public employers, including the Northport-East Northport Union Free School District ("Northport") and the Union Endicott Central School District ("Union Endicott"), Mr. Pellegrino's and Ms. VanOstrand's employers, respectively, to

immediately cease agency fee deduction from nonmembers and transmission of the same to affiliates in compliance with Janus. Attached hereto as Exhibit "1" and Exhibit "2" are true and accurate copies of June 27, 2018 letters sent to the Superintendents of Northport and Union-Endicott, respectively.

17. Specifically, NYSUT advised Northport and Union Endicott as follows:

"The United States Supreme Court has issued a decision in Janus v. AFSCME holding that public sector agency fee arrangements are unconstitutional under the First Amendment;" that each such public employer "must immediately cease deducting agency fees from the payroll of those employees who are not dues-paying members" of the local union; and that, "in order to comply with the court's holding in Janus, the [employer] must, effective immediately, stop deducting and transmitting the agency fees to the [local union].

18. After Janus, NYSUT advised its local affiliate unions to remove agency fee provisions from collective bargaining agreements that come up for negotiation and renewal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Latham, New York on January 20, 2019.

_____
Jeffrey J. Lockwood