UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
SCOTT PELLEGRINO, on behalf of himself and all others similarly situated; and CHRISTINE VANOSTRAND, on behalf of herself and all others similarly situated,

                Plaintiffs,

       -against-

NEW YORK STATE UNITED TEACHERS; UNITED TEACHERS OF NORTHPORT, as representative of the class of all chapters and affiliates of New York State United Teachers; NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT, as representative of the class of all school districts in the state of New York; ANDREW CUOMO, in his official capacity as Governor of New York; BARBARA UNDERWOOD, in her official capacity as Attorney General of New York; JOHN WIRENIUS, in his official capacity as chair of the New York Public Employment Relations Board; ROBERT HITE, in his official capacity as member of the New York Public Employment Relations Board,

                Defendants.
------------------------------------------------------------------ X

Civ. Action No. 18-cv-03439 (JMA)(GRB)

DECLARATION OF JENNIFER STEVENSON IN SUPPORT OF UNION DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

JENNIFER STEVENSON, pursuant to U.S.C. § 1746, declares as follows:

1. I am over eighteen and competent to testify on the matters set forth herein. I submit this declaration in support of the motion by United Teachers of Northport ("UTN") and New York State United Teachers ("NYSUT") to dismiss the Complaint filed by Plaintiffs Scott Pellegrino and Christine VanOstrand.

2. I am the co-president of the Endicott Teachers Association ("ETA") with Trevor Herceg. I have held that position since March 13, 2013.

1

3. I have access to ETA's records kept in the ordinary course of its business, which I reviewed in preparing this declaration.

4. ETA is an employee organization under the New York Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law §§ 200, et seq. ("Taylor Law"), and is the recognized bargaining representative for teachers and other titles employed by the Union Endicott Central School District ("Union Endicott"). ETA and Union Endicott are the sole parties to a collective bargaining agreement ("ETA-Union Endicott CBA"). A true and correct copy of the ETA-Union Endicott CBA is attached as Exhibit "1".

5. ETA is an unincorporated association and has approximately 740 in-service and retired members. ETA's members are NYSUT members.

6. ETA and NYSUT are separate entities. ETA is an autonomous local affiliate of NYSUT. The relationship between ETA and NYSUT is contractual and governed by NYSUT's Constitution and Bylaws. ETA is not an agent for NYSUT, nor any of its other local affiliates. Neither NYSUT nor any of its local affiliates are agents for ETA.

7. On behalf of its members, NYSUT provides ETA services and benefits related to, among other things, advice, guidance, and support with collective bargaining and compliance with federal, state, and local laws and regulations.

8. In or around June 2018, I learned that then ETA nonmember agency payer Ms. VanOstrand and another person, Scott Pellegrino, commenced this action seeking, among other things, to declare Taylor Law provisions regarding fair share fees (sometimes referred to as "agency fees") as unconstitutional, various forms of injunctive relief, and repayment of Ms. VanOstrand's fair share fees, and Mr. Pellegrino's membership dues in an amount equal to what he would have been required to pay in fair share fees.

2

9. Neither ETA nor Union Endicott is named as a defendant in this action. ETA fully supports Union Defendants' motion to dismiss the Complaint, and would assert substantially the same grounds submitted therein if it were a party to this action.

10. On June 27, 2018, I was informed by NYSUT, ETA's statewide affiliate, that <u>Janus v. AFSCME, Council 31</u>, 138 S.Ct. 2448 (2018), rendered agency fees unconstitutional and that ETA could not legally enforce any agency fees rights under the Taylor Law or CBA, or otherwise compel nonmembers to pay fees toward ETA without prior written consent.

11. Also on June 27, 2018, NYSUT, on ETA's behalf, sent notice to Union Endicott to inform it about <u>Janus</u>, and demand that Union Endicott cease deducting agency fees from nonmembers. A true and accurate copy of NYSUT's letter to Union Endicott is attached as Exhibit "2".

12. For at least the three years before <u>Janus</u>, ETA's sole nonmember agency fee payer was Ms. VanOstrand.

13. Upon information and belief, Ms. VanOstrand never joined ETA during her employment by Union Endicott.

14. On June 29, 2018, Ms. VanOstrand e-mailed me and Trevor Herceg and stated that given <u>Janus</u>, she was no longer required to be an agency fee payer of ETA, and requested that deduction of "union dues" from her pay be discontinued. A true and correct copy of Ms. VanOstrand's June 29, 2018 e-mail to me and Trevor Herceg is attached as Exhibit "3".

15. The same day, June 29, 2018, I e-mailed Union Endicott's Superintendent of Schools, Dr. Suzanne McLeod, and notified her that Union Endicott could no longer deduct agency fees for nonmembers, and specifically noted that Ms. VanOstrand was ETA's only

nonmember agency fee payer. A true and correct copy of my June 29, 2018 E-mail to Dr. McLeod is attached as Exhibit "4".

16. On June 29, 2018, Dr. McLeod e-mailed me in response to my e-mail contained in Ex. "4" to discontinue deducting agency fees from nonmembers. A true and correct copy of Dr. Mcleod's June 29, 2018 e-mail to me is attached as Exhibit "5".

17. On July 2, 2018, I responded to Ms. VanOstrand to inform her that ETA, through NYSUT, sent written notification to Union Endicott to stop deducting agency fees from employees who are not members of ETA. A true and correct copy of my July 2, 2018 e-mail to Ms. VanOstrand is attached as Exhibit "6".

18. On July 2, 2018, Ms. VanOstrand replied to my e-mail and stated as follows: "OK-Thanks! That answers my question as to who notifies whom…Sounds like it is all taken care of—wonderful!" A true and correct copy of Ms. VanOstrand's July 2, 2018 e-mail is attached as Exhibit "7".

19. ETA has had Ms. VanOstrand's contact information since she began employment with Union Endicott, some 14 years.

20. Since Janus, ETA has not collected dues, agency fees, or any other monies from any nonmembers, including Ms. VanOstrand.

21. ETA will not enforce any statutory or contractual right to compel agency fees from nonmembers post-Janus.

22. Upon information and belief, Union Endicott will not intentionally deduct agency fees or any other monies from nonmembers for the purpose of transferring the same to ETA post-Janus.

23. ETA will refund any future agency fees inadvertently transferred from nonmembers without prior written consent in compliance with <u>Janus</u>.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed in Endicott, New York on January 17, 2019.

*Jennifer Stevenson*
Jennifer Stevenson