UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
SCOTT PELLEGRINO, on behalf of himself and all :
others similarly situated; and CHRISTINE :
VANOSTRAND, on behalf of herself and all others :
similarly situated, :
                          Plaintiffs, :
                           : Civ. Action No. 18-cv-03439
           -against- : (JMA)(GRB)
 :
NEW YORK STATE UNITED TEACHERS; : DECLARATION OF STACEY
UNITED TEACHERS OF NORTHPORT, as : WEISBERG IN SUPPORT OF
representative of the class of all chapters and : UNION DEFENDANTS'
affiliates of New York State United Teachers; : MOTION TO DISMISS THE
NORTHPORT-EAST NORTHPORT UNION FREE : COMPLAINT
SCHOOL DISTRICT, as representative of the class :
of all school districts in the state of New York; :
ANDREW CUOMO, in his official capacity as :
Governor of New York; BARBARA :
UNDERWOOD, in her official capacity as Attorney :
General of New York; JOHN WIRENIUS, in his :
official capacity as chair of the New York Public :
Employment Relations Board; ROBERT HITE, in his :
official capacity as member of the New York Public :
Employment Relations Board, :
 :
                       Defendants. :
------------------------------------------------------------------- X

     STACEY WEISBERG, pursuant to U.S.C. § 1746, declares as follows:

     1.    I am over eighteen and competent to testify on the matters set forth herein. I submit this declaration in support of the motion by United Teachers of Northport ("UTN") and New York State United Teachers ("NYSUT") to dismiss the Complaint filed by Plaintiffs Scott Pellegrino and Christine VanOstrand.

     2.    I am the president of UTN. I have held that position since July 1, 2018.

     3.    I have access to UTN's records kept in the ordinary course of its business, which I reviewed in preparing this declaration.

1

4. UTN is an employee organization under the New York Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law §§ 200, et seq. ("Taylor Law"), and is the recognized bargaining representative for teachers and other titles employed by the Northport-East Northport Union Free School District ("Northport"). UTN and Northport are the sole parties to a collective bargaining agreement ("UTN-Northport CBA"). A true and correct copy of the UTN-Northport CBA is attached as Exhibit "1".

5. UTN is an unincorporated association and has approximately 1,114 in-service and retired members. UTN's members are NYSUT members.

6. UTN and NYSUT are separate entities. UTN is an autonomous local affiliate of NYSUT. The relationship between UTN and NYSUT is contractual and governed by NYSUT's Constitution and Bylaws. UTN is not an agent for NYSUT, nor any of its other local affiliates. Neither NYSUT nor any of its local affiliates are agents for UTN.

7. On behalf of its members, NYSUT provides UTN services and benefits related to, among other things, advice, guidance, and support for collective bargaining and compliance with federal, state, and local laws and regulations.

8. In or around June 2018, I learned that then UTN member Mr. Pellegrino and another person, Ms. VanOstrand, commenced this action seeking, among other things, to declare Taylor Law provisions regarding fair share fees (sometimes referred to as "agency fees") as unconstitutional, various forms of injunctive relief, and repayment of Mr. Pellegrino's membership dues in an amount equal to what he would have been required to pay in fair share fees, and Ms. VanOstrand's fair share fees.

9. On June 27, 2018, I was informed by NYSUT, UTN's statewide affiliate, that Janus v. AFSCME, Council 31, 138 S.Ct. 2448 (2018), rendered agency fees unconstitutional

and that UTN could not legally enforce any agency fees rights under the Taylor Law or CBA, or otherwise compel nonmembers to pay fees toward UTN without prior written consent.

10. On June 27, 2018, NYSUT, on UTN's behalf, sent notice to Northport to inform it about <u>Janus</u>, and demand that Northport cease deducting agency fees from nonmembers. A true and accurate copy of NYSUT's letter to Northport is attached as Exhibit "2".

11. For at least the three years before <u>Janus</u>, UTN did not have any nonmembers agency fee payers.

12. Mr. Pellegrino was a UTN member from 1995, until August 27, 2018, when he e-mailed me and Northport to resign his membership. A true and accurate copy of Mr. Pellegrino's August 27, 2018 e-mail is attached as Exhibit "3".

13. UTN immediately terminated Mr. Pellegrino's membership and has not received membership dues, agency fees, or any other monies from him since he resigned membership.

14. By e-mail, dated September 6, 2018, I notified Northport that Mr. Pellegrino was no longer a UTN member and requested that it no longer deduct member dues from his wages. A true and correct copy of my E-mail to Northport is attached as Exhibit "4".

15. UTN has had Mr. Pellegrino's contact information including his home address since 1995.

16. UTN does not have any relationship with Ms. VanOstrand, is not Ms. VanOstrand's bargaining representative, has no relationship with Ms. VanOstrand's employer, does not have her contact information, and never received any agency fees or any other monies from her.

17. Upon information and belief, Ms. VanOstrand's bargaining representative is the Endicott Teachers Association ("ETA"), which is a separate NYSUT local affiliate.

18. Since <u>Janus</u>, UTN has not collected dues, agency fees, or any other monies from any nonmember.

19. UTN will not enforce any statutory or contractual right to compel agency fees from nonmembers post-<u>Janus</u>.

20. Upon information and belief, Northport will not intentionally deduct agency fees or any other monies from nonmembers for the purpose of transferring the same to UTN post-<u>Janus</u>.

21. UTN will refund any future agency fees inadvertently transferred from nonmembers without prior written consent in compliance with <u>Janus</u>.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed in East Northport, New York on January 17, 2019.

_____
Stacey Weisberg