UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
SCOTT PELLEGRINO and CHRISTINE VANOSTRAND,

                              Plaintiffs,

            -against-

NEW YORK STATE UNITED TEACHERS,
UNITED TEACHERS OF NORTHPORT,
NORTHPORT-EAST NORTHPORT UNION
FREE SCHOOL DISTRICT, ANDREW CUOMO,
LETITIA JAMES; JOHN WIRENIUS, and
ROBERT HITE,

                              Defendants.

**MEMORANDUM & ORDER**
**18-CV-3439 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Scott Pellegrino and Christine VanOstrand bring this putative class action against Defendants New York State United Teachers ("NYSUT") and United Teachers of Northport (the "Union Defendants"); Northport-East Northport Union Free School District ("Northport-East"); and Andrew Cuomo, Letitia James, John Wirenius, and Robert Hite (the "State Defendants"). (Compl. (Dkt. 1).) Pending before the court are three motions to dismiss the complaint, filed by the Union Defendants (Dkt. 58), Northport-East (Dkt. 53), and the State Defendants (Dkt. 50). For the reasons explained below, all three motions to dismiss are GRANTED.

## I. BACKGROUND

### A. Facts

The following facts are drawn from Plaintiffs' complaint and are assumed to be true for purposes of the motions to dismiss.

1

*See N.Y. Pet Welfare Ass'n v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).[1]

Pellegrino is a public-school teacher at Northport-East and a member of NYUST. (Compl. ¶ 12.) Pellegrino opposes the collective bargaining and other activities of the union, but remains a member because of the small difference between the full membership dues and the agency fees he would be compelled to pay if he resigned from the union. (*Id.* ¶ 13.) Additionally, he does not want to sacrifice "whatever little influence he might be able to exert in collective bargaining matters." (*Id.*)

VanOstrand is a public-school teacher in the Union-Endicott Central School District. (*Id.* ¶ 17.) She is not a NYUST member. (*Id.*) Even still, she is compelled to pay agency fees to the union as a condition of her employment. (*Id.* ¶ 18.) At the time the complaint was filed, New York law authorized NYUST to collect agency fees from nonmembers as a condition of employment. (*Id.* ¶ 21.)

### B. Procedural History

Plaintiffs filed their complaint on June 13, 2018. (Compl.) The complaint asserted claims against each group of Defendants under 42 U.S.C. § 1983 and a state law conversion claim against the Union Defendants. (*Id.* ¶¶ 43-44.) Plaintiffs sought varied relief, including:

1) A declaration that Plaintiffs have the constitutional right to not join or financially support a union as a condition of employment,

2) a declaration that the New York law allowing for the collection of fair share or agency fees is unconstitutional,

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

    3) injunctive relief prohibiting future collection of fair-share or agency fees,

    4) compensatory damages for past fair-share or agency fees, and

    5) compensatory damages for the portion of Pellegrino's union dues that equated to the fair share fees he would have paid had he not voluntarily joined the union.

(*Id.* ¶ 45.)

## II. LEGAL STANDARD

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (per curiam). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. DISCUSSION

### A. Claims Voluntarily Dismissed by Plaintiffs

Two weeks after Plaintiffs filed their complaint, the Supreme Court decided *Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31*, 138 S. Ct. 2448 (2018). *Janus* overturned *Abood v. Detroit Bd. of Ed.*, 431 U.S. 209 (1977), which, for over forty years, explicitly countenanced the collection of fair-share fees like the ones at issue here. In response to *Janus*, the Union Defendants stopped collecting agency fees. (*See* Mem. in Opp. to

3

Union Defs. Mot. to Dismiss ("Opp. to Union Mot.") (Dkt. 59) at 20.)

As a result of *Janus* and its aftermath, Plaintiffs have consented to the dismissal of several of their claims. Plaintiffs have agreed to dismiss with prejudice all claims against the State Defendants (*see* Mem. in Opp. to State Defs. Mot. to Dismiss (Dkt. 51) at 2) and all claims against Northport-East (*see* Mem. in Opp. to Northport-East Mot. to Dismiss (Dkt. 54) at 2). Therefore, the State Defendants' and Northport-East's motions to dismiss are GRANTED.

Additionally, Plaintiffs have agreed to dismiss certain claims against the Union Defendants, including (1) Plaintiff's state-law claims, (2) Plaintiff's constitutional challenges to N.Y. Civil Service Law §§ 208(1)(b)(i) and 208(4)(a), and (3) Plaintiff's claims for prospective relief. (*See* Opp. to Union Mot. at 20.) The Union Defendants' motion is therefore GRANTED as to these claims.

### B. Plaintiffs' Remaining Claims

Remaining are Plaintiffs' claims related to the payment of pre-*Janus* agency fees and union dues up to the amount of agency fees. (*See* Compl. ¶ 45.) Plaintiffs do not dispute that the Union Defendant's promptly ceased collecting agency fees after *Janus* was decided, but seek monetary damages for the agency fees collected prior to *Janus*. (Opp. to Union Mot. at 20-22.) However, recent controlling precedent dooms these claims as well.

This month, the Second Circuit decided *Wholean v. CSEA SEIU Local 2001*, 955 F.3d 332, 2020 WL 1870162 (2d Cir. 2020). *Wholean* and this case are close factual analogues. There, as here, the plaintiffs alleged that mandatory collection of fair-share fees as a condition of employment was unconstitutional. *Id.* at *1. There, as here, the defendants ceased collection of fair-share fees when *Janus* was decided, and the plaintiffs sought to recover

4

monetary damages for pre-*Janus* fees. *Id.* at *2. Finally, there, as here, the defendants moved to dismiss the claim for pre-*Janus* fees based on the good faith defense. *Id*.

Because *Wholean* is nearly identical to the case at hand, its holding—"that a party who complied with directly controlling Supreme Court precedent in collecting fair-share fees cannot be held liable for monetary damages under § 1983," *id.* at *2— completely forecloses Plaintiffs' only remaining claim. Therefore, the Union Defendants' motion to dismiss is GRANTED.

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS the motions to dismiss filed by the Union Defendants (Dkt. 58), Northport-East (Dkt. 53), and the State Defendants (Dkt. 50). The Clerk of Court is respectfully DIRECTED to enter judgment and close the case

SO ORDERED.

Dated:    Brooklyn, New York
          April 30, 2020

                                          _/s/ Nicholas G. Garaufis_
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge

5