# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-one.

PRESENT:
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
    WILLIAM J. NARDINI,
      *Circuit Judges.*

---

SCOTT PELLEGRINO, on behalf of himself and all others similarly situated, CHRISTINE VANOSTRAND, on behalf of herself and all others similarly situated,

   *Plaintiffs-Appellants*,

    v.                     No. 20-1705

NEW YORK STATE UNITED TEACHERS, UNITED TEACHERS OF NORTHPORT, as representative of the class of all chapters and affiliates of NEW YORK STATE UNITED TEACHERS,

   *Defendants-Appellees*,

NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT, as representative of the class of all school districts in the State of New York, ANDREW CUOMO, in his official capacity as Governor of New York, LETITIA A. JAMES, in her official capacity as Attorney General of

New York, JOHN WIRENIUS, in his official capacity as chair of the New York Public Employment Relations Board, ROBERT HITE, in his official capacity as member of the New York Public Employment Relations Board,

        *Defendants.*[*]

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | Jonathan F. Mitchell, Mitchell Law PLLC, Austin, TX. |
| | Paul Niehaus, Kirsch & Niehaus, New York, NY. |
| | Talcott J. Franklin, Shannon W. Conway, Talcott Franklin PC, Dallas, TX. |
| FOR DEFENDANTS-APPELLEES: | Charles G. Moerdler, Alan M. Klinger, Dina Kolker, Arthur J. Herskowitz, Stroock & Stroock & Lavan LLP, New York, NY. |
| | Robert T. Reilly, Esq., Michael J. Del Piano, Esq., Edward J. Greene, Jr., Esq., Andrea A. Wanner, Esq. |
| FOR DEFENDANT: | David F. Kwee, Ingerman Smith, L.L.P., Hauppauge, NY, *for* Northport-East Northport Union Free School District. |
| FOR AMICUS CURIAE: | Letitia James, Barbara D. Underwood, Anisha S. Dasgupta, Matthew W. Grieco, *for* State of New York. |

    Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

    **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 1, 2020, is **AFFIRMED**.

    Plaintiffs-Appellants Scott Pellegrino and Christine VanOstrand, on behalf of themselves and others similarly situated, appeal from the dismissal of their complaint seeking the return of fees that they paid unwillingly to a New York state teachers' union, before the Supreme Court invalidated

---

[*] The Clerk of Court is directed to amend the caption to conform to the above.

the collection of such fees from non-consenting employees in *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448 (2018).

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015).[1] "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

On June 13, 2018, Plaintiffs filed the instant suit, claiming under 42 U.S.C. § 1983 that Defendants' collection of fees from non-member or objecting employees was unconstitutional. As alleged, both Plaintiffs are teachers in New York state public schools. Pellegrino unwillingly belonged to and paid membership dues to Defendant union, New York State United Teachers ("NYSUT"), of which Defendant United Teachers of Northport ("UTN") is a local affiliate (collectively, the "Unions"). Although Pellegrino was opposed to many of NYSUT's activities, he was a paying member because he otherwise as a non-member would have been required to pay agency fees that supported the union's collective bargaining activities. VanOstrand was opposed to the union, elected not to join, and paid agency fees.

Shortly after the complaint was filed, the Supreme Court decided in *Janus* that collection of public-sector union fees to which employees are opposed violates their First Amendment rights: "Neither an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." 138 S. Ct. at 2486. Defendants promptly ceased collecting agency fees, including from VanOstrand, and Pellegrino resigned his union membership. Plaintiffs correspondingly dismissed their claims for declaratory and injunctive relief against all Defendants, maintaining only their claims—now the subject of this appeal—against the Unions for return of their pre-*Janus* union fee payments.[2]

---

[1] Unless otherwise noted, in quotations from caselaw, this Order omits all alterations, brackets, citations, emphases, and internal quotation marks.

[2] Although Defendant Northport-East Northport Union Free School District filed a brief in opposition to the appeal, Plaintiffs voluntarily dismissed all claims against this defendant below. Plaintiffs further confirm in their briefing that they are "not pursuing claims against the school district on this appeal or any further in this litigation." Reply Br. at 1 n.1.

3

We agree with the District Court that the Unions' affirmative defense of good faith, as established in *Wholean v. CSEA SEIU Loc. 2001*, 955 F.3d 332 (2d Cir. 2020), forecloses these remaining claims. We held in *Wholean* that parties that "collected fair-share [i.e., agency] fees in reliance on directly controlling Supreme Court precedent and then-valid state statutes . . . are entitled to a 'good-faith' defense as a matter of law," regardless of whether the holding in *Janus* is "retroactive." 955 F.3d at 336. Plaintiffs concede that the circumstances presented here are "indistinguishable" from those in *Wholean*. Br. at 1. The complaint pleads on its face that the Unions collected fees in reliance on New York state statutes that authorized the practice. Those statutes were constitutionally valid at the time, under *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), until *Janus* overturned *Abood*. In *Wholean*, under circumstances that are nearly identical to those presented here, we dismissed the claims seeking return of pre-*Janus* union fees.

Plaintiffs contend that we should not treat *Wholean* as binding because they raise new arguments not considered by the panel in *Wholean*, namely: (i) that the good-faith defense does not apply to their claim, which they argue is one for equitable restitution, and (ii) that a union must prove entitlement to the defense by showing its compliance with law existing at the time the fees were collected, a matter that Plaintiffs argue cannot be resolved on this motion to dismiss. But Plaintiffs have not cited any authority that permits us to disregard binding, on-point precedent simply because an earlier panel may not have considered additional arguments in support of the same legal contention.[3] Rather, the cases to which Plaintiffs cite, in arguing that we may disregard *Wholean*, express only the commonplace principle that precedent is not binding when it is not "on point," Appellant Br. at 2-3, or does not resolve the question at issue in the instant case. *See, e.g., Direct Marketing Ass'n v. Brohl*, 135 S. Ct. 1124, 1131 n.1 (2015) (finding earlier case was not on point and thus not binding because it "cannot fairly be read as resolving, or even considering, the question presented in this case"); *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (finding that earlier decided "case is not a binding precedent *on this point*"). *Wholean* set out a general rule for

---

[3] Plaintiffs seek the same relief that the *Wholean* plaintiffs sought – that is, the return of fees that they paid to public-sector unions, with that relief variously characterized as money damages, a refund, or restitution. Our Court in *Wholean* held that such relief is not legally available, and this case falls within the *ratio decidendi* of *Wholean*. *See Ramos v. Louisiana*, 140 S. Ct. 1390, 1404 n.54 (2020) (considering the question of what is precedent).

4

applying the good-faith affirmative defense in the context of *Janus*: so long as a union is alleged to have collected funds in reliance on then-effective law, it has no obligation to repay those funds when the law is later overturned. *See* 955 F.3d at 336. That rule controls here.

* * *

For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5